1  RICHARD H. RAHM, Bar No. 130728
   rrahm@littler.com
2  ANGELA J. RAFOTH, Bar No. 241966
   arafoth@littler.com
3  ALEXIS A. SOHRAKOFF, Bar No. 273410
   asohrakoff@littler.com
4  LITTLER MENDELSON, P.C.
   650 California Street
5  20th Floor
   San Francisco, California  94108.2693
6  Telephone:    415.433.1940
   Facsimile:    415.399.8490
7
   JODY A. LANDRY, Bar No. 125743
8  jlandry@littler.com
   LITTLER MENDELSON, P.C.
9  501 W. Broadway
   Suite 900
10 San Diego, California  92101.3577
   Telephone:    619.232.0441
11 Facsimile:    619.232.4302

12 Attorneys for Defendant
   ECOLAB INC.

13

14                  UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16                       SAN JOSE DIVISION

17

| | |
|---|---|
| 18  JOHN MARTINO, an individual, for himself and those similarly situated; | Case No. _____ |
| 19  ADONIS AMOROSO, an individual, for himself and those similarly situated; and | *SANTA CLARA SUPERIOR COURT CASE: 114CV266125* |
| 20  ROES 1 through 30,000 and the proposed Class, | **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT ECOLAB INC.** |
| 21                        Plaintiff, | |
| 22              v. | **[28 U.S.C. §§ 1332, 1441 & 1446]** |
| 23  ECOLAB, INC., a Delaware Corporation; | |
| 24  and DOES 1 through 100, inclusive, | Complaint filed: August 21, 2014 |
| 25                        Defendant. | |

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT BY DEFT ECOLAB

NDCA CASE NO.:_____

TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant ECOLAB INC. ("Ecolab") contemporaneously with the filing of this Notice, hereby effect removal of the above-referenced action from the Superior Court in the State of California for the County of Santa Clara to the United States District Court for the Northern District of California.

This action is removed pursuant to the procedures found in 28 U.S.C. sections 1441 and 1446, and removal jurisdiction is based on 28 U.S.C. section 1332(d) (Class Action Fairness Act ["CAFA"]).

## I.      PROCEDURAL BACKGROUND

1.      This lawsuit arises out of the work performed by Plaintiffs John Martino and Adonis Amoroso ("Plaintiffs") as exempt employees for Ecolab.  On June 4, 2014, Plaintiffs filed a complaint in the Superior Court of the State of California, County of Santa Clara, entitled *JOHN MARTINO, ADONIS AMOROSO, et al., v. ECOLAB INC., A Delaware Corporation; and DOES 1 through 100, inclusive*, designated as Case No. 114CV2266125 ("Complaint").  *See* Declaration of Richard Rahm ("Rahm Decl.") ¶ 2, Exhibit ("Exh.") A.  The Complaint asserts the following purported claims for relief:  (1) Wages Owed; (2) Failure to Provide Accurate Itemized Wage Statements; and (3) Violation of Business & Professions Code Section 17200 et seq.  *See id.*

2.      On August 21, 2014, Plaintiffs filed their First Amended Class Action Complaint ("FAC") for: (1) Wages Owed; (2) Failure to Provide Accurate Itemized Wage Statements; (3) Violation of Business & Professions Code Section 17200 et seq.; and (4) Civil Penalties Under the Private Attorney General Act of 2004 ("PAGA").  *See* Rahm Decl. ¶ 3, Exh. B.

3.      On August 28, 2014, Plaintiffs served the Summons and First Amended Complaint on Ecolab.  A true and correct copy of the Summons and First Amended Complaint package served upon Ecolab is attached as Exhibit B to the Rahm Declaration.  Ecolab was subsequently served with a "Civil Lawsuit Notice" by Plaintiff, which apparently came from the Santa Clara County Superior Court.  *See* Rahm Decl. ¶ 4, Exh. C.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT BY DEFT ECOLAB                    1.                    NDCA CASE NO.:_____

1    4.  On September 25, 2014 Ecolab filed its Answer to Plaintiffs' First Amended

2 Complaint in the Superior Court of California for the County of Santa Clara.  *See* Rahm Decl. ¶ 5,

3 Exh. D.

4    5.  Pursuant to 28 U.S.C. section 1446(d), the attached exhibits constitute all

5 process, pleadings, and orders served upon Ecolab or filed or received in this action by Ecolab.  To

6 Ecolab's knowledge, no further process, pleadings, or orders related to this case have been filed in

7 Santa Clara County Superior Court or served by any party.  *See* Rahm Decl. ¶ 5.

8    6.  As of the date of this Notice of Removal, no other parties have been named or

9 served with the Summons and Complaint in this action.  *See* Rahm Decl. ¶ 6.

10 **II.**  **REMOVAL PROCEDURE**

11  **A.**  **Removal Is Timely Because Notice And The Accompanying Pleadings Have Been Filed Within Thirty Days.**

12    7.  An action may be removed from state court by filing a notice of removal,

13 together with a copy of all process, pleadings, and orders served on the defendant, within thirty days

14 of defendant receiving the initial pleading.  *See* 28 U.S.C. § 1446(a), (b).  Removal of this action is

15 timely because this Notice has been filed within thirty days from August 28, 2014, when Ecolab was

16 served with the First Amended Complaint.  *See* Rahm Decl., Exh. B; *see also* 28 U.S.C. § 1446(b).

17 As referenced above, this Notice also contains all process, pleadings, and orders that Plaintiffs

18 served on Ecolab.  *See id.*

19  **B.**  **Venue Is Proper In This District Pursuant To The Removal Statute And Diversity.**

20

21    8.  Venue is proper in this Court because Plaintiffs originally filed this action in

22 Santa Clara County Superior Court, located within the District and Division of the Court.  *See* 28

23 U.S.C. § 1446(a).  Venue of this action is also proper because jurisdiction is based on CAFA, and

24 the action may be venued in a judicial district in which a substantial part of the events or omissions

25 giving rise to the claim occurred.  *See* 28 U.S.C. § 1391(b).

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT BY DEFT ECOLAB  2.  NDCA CASE NO.:_____

III.     **REMOVAL JURISDICTION**

A.     **Statement of Jurisdiction**

9.     This Court has original jurisdiction over this action pursuant to the CAFA because: (1) at least one member (if not all) of Plaintiffs' putative class is citizen of a state different from Ecolab; (2) Plaintiffs filed a class action on behalf of a class with more than 100 putative class members; and (3) the amount in controversy exceeds the sum of $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

B.     **Diversity Exists Because Plaintiffs Are California Citizens And Ecolab Is A Citizen of Delaware And Minnesota.**

10.     CAFA diversity jurisdiction exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

11.     Plaintiffs were at the time of the filing of this action, and currently are, residents and citizens of the State of California. *See* Rahm Decl., Exh. B at ¶¶ 1-2; *see also, District of Columbia v. Murphy*, 314 U.S. 441, 455 ("The place where a man lives is properly taken to be his domicile until the facts adduced establish the contrary."); *Gutterman v. Wachovia Mortgage*, 2011 U.S. Dist. LEXIS 74521, *4 (C.D. Cal. Mar. 31, 2011) (plaintiff's residence and ownership of property sufficient to establish his domicile in California).

12.     For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Plaintiffs' Complaint concedes that Ecolab "is now and/or at all times mentioned in this Complaint was a Delaware corporation…" Rahm Decl., Exh. B at ¶ 3. At the time this action was commenced in state court, Ecolab was, and still is, a corporation organized under the laws of the State of Delaware. *See* Declaration of Bruce Weiss ("Weiss Decl.") ¶ 2. In addition, Ecolab's principal place of business is in St. Paul, Minnesota, where it has its corporate offices and headquarters. *See id. See also Hertz Corp. v. Friend*, 130 U.S. 1181, 1192-93 (2010) (the principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities").

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT BY DEFT ECOLAB                    3.                    NDCA CASE NO.:_____

13.     No other party has been named or served as of the date of this removal.  *See* Rahm Decl. ¶ 6.  The presence of Doe defendants in this case has no bearing on diversity with respect to removal.  *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

14.     As set forth above, Plaintiffs are citizens of the State of California, while Ecolab is a citizen of the State of Delaware and the State of Minnesota.  Complete diversity of citizenship thus exists in the instant case.

**C.     Plaintiffs Allege Claims On Behalf Of More Than 100 Putative Class Members.**

15.     The CAFA provides this Court with jurisdiction over a class action when "the number of members of all proposed plaintiff classes in the aggregate [is not] less than 100."  28 U.S.C. § 1332(d)(5)(B).  CAFA defines "class members" as those "persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action."  28 U.S.C. § 1332(d)(1)(D).

16.     Plaintiffs allege their causes of action with respect to a purported class of all current and former employees of Ecolab in its Institutional Division in California who have held since June 4, 2010 the title of Territory Manager, Territory Sales Manager and/or Territory manager-Hospitality, which they allege to be "over 100 persons."  *See* Rahm Decl., Exh. B, ¶ 6.  In fact, there are approximately 233 California-based putative class members who worked for Ecolab during the Class Period.  *See* Weiss Decl. ¶ 3.  CAFA's numerosity requirement is accordingly satisfied.  *See* 28 U.S.C. § 1332(d)(5)(B).

**D.     The Amount In Controversy Is At Least $6.7 Million Dollars Based On The Damages And The Statutory And Civil Penalties Sought By Plaintiffs.**

17.     The CAFA requires the "matter in controversy" must exceed "the sum or value of $5,000,000 exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount.  28 U.S.C. § 1332(d)(6).  "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Kenneth Rothschild Trust v. Morgan Stanley Dean*

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT BY DEFT ECOLAB

4.

NDCA CASE NO.:_____

*Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  Where a plaintiff's state-court complaint does not allege an amount in controversy, the removing defendant need only establish that plaintiff's claims exceeds the jurisdictional minimum by a preponderance of evidence.  *See Guglielmino v. McKee Foods Corp.,* 506 F. 3d 696, 699 (9th Cir. 2007); *Abrego v. Dow Chemical Co.,* 443 F. 3d 676, 683 (9th Cir. 2006).  That is, the defendant need only provide evidence demonstrating that it is "more likely than not" that the amount in controversy exceeds CAFA's five million dollar requirement.  *See Guglielmino*, 506 F. 3d at 699.

18.     Ecolab denies the validity and merits of Plaintiffs' claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them.  Nevertheless, and notwithstanding Plaintiffs' failure to allege the total amount of damages claimed, the amount in controversy as alleged by Plaintiffs in this case exceeds the sum of five million dollars.

1.     **Plaintiffs' Alleged Claims For Recovery Of Unpaid Wages Amounts To Approximately $ 4.2 Million.**

19.     Plaintiffs' First Cause of Action is for "Failure to Pay Wages," whereby Plaintiffs claim they were misclassified as exempt employees and, for that reason, were never paid overtime.  *See* Rahm Decl., Exh. B at ¶ 10.  Specifically, Plaintiffs allege that they "and all members of the Class *regularly* worked hours for which they were not paid the correct hourly wage," which means each of the class members "was not paid overtime/doubletime in accordance with California law."  *Id.* at ¶ 11 (emphasis added).  In their letter to the California Labor Development and Workforce Agency ("LWDA"), which is attached to their Complaint as Exhibit A, Plaintiffs further clarify that the putative class members "*often* work overtime *and* doubletime hours without receiving overtime or doubletime premium pay."  Rahm Decl., Exh. B at Exh. A at 2 (emphasis supplied).

20.     The word "regularly" has been defined as "often," and both words have been defined as "frequently."  *See* Oxford English Dictionary (Oxford University Press 2014).  As to how frequently Plaintiffs and the putative class members worked overtime and doubletime, Plaintiffs allege that Ecolab violated Labor Code section 204 "by not paying [putative class members] all wages due for work performed ***each pay period***."  Rahm Decl., Exh. B at ¶ 45 (emphasis supplied).

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT BY DEFT ECOLAB

5.

NDCA CASE NO.:_____

21.     Plaintiffs have alleged that in each pay period each putative class member worked both "overtime **and** doubletime."  *See* Rahm Decl., Exh. B at Exh. A at 2.  This means that each putative class member worked *at least* one overtime hour and *at least* one doubletime hour (which includes four overtime hours) per pay period, or five overtime hours and one doubletime hour.  Although a number of courts have held that "regularly" can be construed to mean a violation rate of at least once a week, Ecolab has conservatively estimated the violation rate to be five overtime hours and one doubletime hour each pay period, based on Plaintiffs' allegations in the Complaint.  *See, e.g., Patel v. Nike Retail Services, Inc.*, 2014 U.S. Dist. LEXIS 98918, *14-15 (N.D. Cal. Jul. 21, 2014); *Navarro v. Servisair, LLC*, 2008 U.S. Dist. LEXIS 62513, *21-22 (N.D. Cal. Aug. 14, 2008).

22.     Over the last four years, TMs have earned, on average, approximately $69,485.52 per year.  *See* Weiss Decl. ¶ 4.  Divided by an average of 2,080 hours per year (52 weeks times 40 hours a week, the methodology to determine the hourly rate if TMs were non-exempt employees), TMs earned approximately $33.41 per hour ($69,485.52/2,080).  Overtime at this rate would be $50.11 per hour (1.5 x $33.41), and the double time would be $66.82 per hour (2 x $33.41).  If each putative class member worked five overtime and one doubletime hour per pay period, then the damages would be approximately $317.37 per pay period (5 OT hours [$250.55] + 1 DT hour [$66.82]).  Ecolab pays its TMs semi-monthly, and there have been 104 pay periods since June 6, 2010.  *See id.*  On average, approximately 129.2 TM Full-Time Equivalents ("FTE"s) have worked for Ecolab throughout the four-year class period, which, multiplied by the number of pay periods, amounts to a total of 13,436 worked pay periods during the class period (129.2 x 104).  *See id.*  If TMs were each owed $317.37 in overtime and doubletime per pay period, then the total potential damages for unpaid wages in Plaintiffs' First Cause of Action would be **$4,264,183** ($317.37 x 13,436).

### 2.     Plaintiffs Have Alleged Approximately $320,400 In Waiting-Time Penalties.

23.     Plaintiffs have also alleged a claim for waiting-time penalties in the First Cause of Action.  *See* Rahm Decl., Exh. B at ¶ 13.  Plaintiffs have alleged that Ecolab has "willfully

1   failed to pay without abatement ... all of the wages of the Plaintiffs and the Class." *Id.* Likewise, as

2   noted above, Plaintiffs have alleged that they "and *all* members of the Class regularly worked hours

3   for which they were not paid the correct hourly wage." *Id.* at ¶ 11 (emphasis added). Plaintiffs have

4   thus alleged a 100% violation rate for all TMs who have separated from Ecolab in the last three

5   years. Labor Code section 203 would entitle Plaintiffs and the putative class members 30 days of

6   day wages as a result of the willful nonpayment of all wages owed. *See* Lab. Code § 203.

7       24.   Forty TMs have separated from Ecolab in the last three years. *See* Weiss

8   Decl. ¶ 4. Dividing the average TM's annual compensation by 260 work days (52 weeks x 5 days)

9   equals $267 of wages per day ($69,485.52/260). Multiplying number of separated TMs by the

10   amount of one day's wages by 30 days yields **$320,400** (40 x $267 x 30).

### 3. Plaintiffs Have Alleged Approximately $406,350 In Statutory Penalties Pursuant To Labor Code Section 226(e).

    25.   In their Second Cause of Action, Plaintiffs allege that Ecolab has a pattern and

practice of knowingly and intentionally issuing wage statements that do not comply with Labor Code

section 226(a) with respect to "each respective pay period." *See* Rahm Decl., Exh. B at ¶ 22.

Plaintiffs seek statutory penalties for Ecolab's alleged noncompliance pursuant to Labor Code

section 226(e), which provides a penalty of $50 for a violation in the first pay period and $100 for a

violation of each subsequent pay period up to a maximum of $4,000. *See id.* at ¶¶ 23-24.

    26.   Plaintiffs' original complaint was filed on June 4, 2014. The statute of

limitations on a Labor Code section 226(e) claim is one year, and there has been approximately 32

pay periods to date since June 4, 2013. During this period, Ecolab had approximately 129.2 Full-

Time Equivalent ("FTE") TM positions. *See* Weiss Decl. ¶ 4. Potential liability based on Plaintiff's

wage-statement claim would thus be: $6,450 (129 x $50) for the first pay period, and $399,900 (129

x $100 x 31) for the remaining pay periods. The total statutory penalties under section 226 would

thus be approximately **$406,350** ($6,450 + $348,300).

### 4. Plaintiffs Have Alleged Over $ 2.9 Million In Civil Penalties Pursuant To The PAGA.

    27.   Plaintiffs' Fourth Cause of Action is for civil penalties pursuant to the PAGA

based on violations of Labor Code sections 201, 202, 204, 219, 226(a), and 510. *See* Rahm Decl.,

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT BY DEFT ECOLAB          7.          NDCA CASE NO.:_____

Exh. B at ¶¶ 42-50.  Pursuant to the PAGA, an aggrieved employee can seek the civil penalties that are specified for violations of certain Labor Code sections and, where no civil penalty section is provided, an aggrieved employee may seek default PAGA civil penalties.  *See* Lab. Code § 2699(a), (f).  The statute of limitations on a PAGA claim is one year.  *See Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003 (N.D. Cal. 2007).

<blockquote>

**a.      Plaintiffs' Alleged Civil Penalties For The Violation Of Labor Code Sections 201 and 202 Amount To Approximately $320,400.**
</blockquote>

28.      Plaintiffs allege that, pursuant to Labor Code sections 201 and 202, Ecolab did not pay its California TMs who separated from Ecolab all wages owed at the time of their separation, and that Labor Code section 256 is the civil penalty provision for violations of sections 201 and 202.  *See* Rahm Decl., Exh. B at ¶ 44.  Labor Code section 256 provides for up to "30 days pay as waiting time under the terms of Section 203."  Lab. Code § 256.  There have been 40 California TMs who have separated from Ecolab in the last three years.  *See* Weiss Decl. ¶ 4.  Pursuant to Plaintiffs' theory of recovery, they would be able to recover 40 (number of TMs who separated) x $8,010 (30 days x $267) = **$320,400**.

<blockquote>

**b.      Plaintiffs' Alleged Civil Penalties For The Violation Of Labor Code Section 204 Amount To Approximately $41,280.**
</blockquote>

29.      Plaintiffs allege that, pursuant to Labor Code section 204, Ecolab did not pay them all wages due for work performed during each pay period, and that Labor Code section 210 is the civil penalty provision for violations of section 204.  *See* Rahm Decl., Exh. B at ¶ 45.  Labor Code section 210 provides $100 per pay period for each failure to pay each employee.  *See* Lab. Code § 210.  Since June 4, 2013, Ecolab's California TMs have worked 4,128 pay periods (129 x 32).  *See* Weiss Decl. ¶ 4.  The potential civil penalties on such a claim would thus be **$41,280** (4,128 x $100).

<blockquote>

**c.      Plaintiffs' Alleged Civil Penalties For The Violation Of Labor Code Section 219 Amount To Approximately $41,280.**
</blockquote>

30.      Plaintiffs allege that, pursuant to Labor Code section 219, Ecolab used private agreements to circumvent "the wage-and-hour laws of the Labor Code," and that the civil penalty for such a violation is $100 per pay period pursuant to Labor Code section 2699(f).  *See* Rahm Decl.,

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT BY DEFT ECOLAB

8.

NDCA CASE NO.:_____

Exh. B at ¶ 46.  Since June 4, 2013, Ecolab's California TMs have worked 4,128 pay periods (129 x 32).  *See* Weiss Decl. ¶ B.  The potential civil penalties on such a claim would thus be **$41,280** (4,128 x $100).

    **d.**  **Plaintiffs' Alleged Civil Penalties For The Violation Of Labor Code Section 226(a) Amount To Approximately $1,032,000.**

  31.  Plaintiffs allege that Ecolab violated Labor Code section 2226(a) by not providing its employees with compliant wage statements, and that the civil penalty for such a violation is $250 per pay period pursuant to Labor Code section 226.3.  *See* Rahm Decl., Exh. B at ¶ 48.  Since June 4, 2013, Ecolab's California TMs have worked 4,128 pay periods (129 x 32).  *See* Weiss Decl. ¶ 4.  The potential civil penalties on such a claim would thus be **$1,032,000** (4,128 x $250).

    **e.**  **Plaintiffs' Alleged Civil Penalties For The Violation Of Labor Code Section 510 Amount To Over $1.5 Million.**

  32.  Plaintiffs allege that Ecolab violated Labor Code section 510 by not providing its employees with overtime premium wages, and that Labor Code section 558 provides the civil penalty for such a violation.  *See* Rahm Decl., Exh. B at ¶ 50.  Labor Code section 558 provides for a civil penalty of $50 per pay period "in addition to an amount sufficient to recover underpaid wages." Lab. Code § 558.  As discussed above, Plaintiffs have alleged that they and the putative class members were underpaid by $317.37 (5 OT hours [$250.55] + 1 DT hour [$66.82]) per pay period. Since June 4, 2013, Ecolab's California TMs have worked 4,128 pay periods (129 x 32).  *See* Weiss Decl. ¶ 4.  The potential civil penalties on such a claim would thus be **$1,516,503** (4,128 x $367.37 [$50 + $317.37]).

  33.  Plaintiff has thus alleged civil penalties under PAGA of approximately $2,951,463.  There has been a dispute amongst the district courts as to how much in civil penalties should count towards the jurisdictional minimum.   Some courts count the entire amount of civil penalties.  *See, e.g., Patel v. Nike Retail Services, Inc.*, 2014 U.S. Dist. LEXIS 98918, *25-40 (N.D. Cal. July 21, 2014).  Other courts have held that because the aggrieved employees would only be entitled to 25% of the civil penalties collected, only this amount should be able to count towards satisfying the jurisdictional minimum.  *See Willis v. Xerox Bus. Servs., LLC,* 2013 U.S. Dist. LEXIS

   9.   

1  163144 (E.D. Cal. Nov. 14, 2013).  To err on the side of prudence, Ecolab will count only 25% of

2  the total alleged civil penalties.  Labor Code section 558 provides that the "underpaid" portion of the

3  penalty is to be distributed directly to the aggrieved employees, which amounts to $1,310,103 (4,128

4  x $317.37).  Accordingly, of the $2,951,463 in PAGA civil penalties alleged, only $1,641,360 would

5  be subject to the 75% reduction ($2,951,453 - $1,310,103).  25% of $1,641,360 = $410,340.  The

6  total amount that can thus be claimed towards the jurisdictional minimum would be **$1,720,443**

7  ($1,310,103 + $410,340).

8  **IV.     NOTICE OF REMOVAL TO THE COURT AND ADVERSE PARTY**

9          34.     Contemporaneously with the filing of this Notice of Removal in the United

10  States District Court for the Northern District of California, written notice of such filing will be

11  given by the undersigned to Plaintiffs' counsel of record, and a copy of the Notice of Removal will

12  be filed with the Clerk of the Court for the Superior Court of the County of Santa Clara, California

13  as required by 28 U.S.C. section 1446(d).

14  **V.      CONCLUSION**

15          35.     Ecolab has demonstrated potential liability based on Plaintiffs' allegations of

16  $4,264,183 for potential damages, $726,750 for potential statutory penalties, and $1,720,443 as 25%

17  of potential civil penalties (minus Labor Code section 558 penalties), which total to **$6,711,376**.

18  Ecolab has thus met the CAFA jurisdictional minimum amount to remove this action to federal

19  court.

20

21  Dated: September 26, 2014

22                                                          _/s/ Richard H. Rahm_____

23                                                          RICHARD H. RAHM
                                                           LITTLER MENDELSON, P.C.

24                                                          Attorneys for Defendant
                                                           ECOLAB INC.

25  Firmwide:128962494.1 057118.1183

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT BY DEFT ECOLAB                10.                NDCA CASE NO.:_____