1   RICHARD H. RAHM, Bar No. 130728
    rrahm@littler.com
2   ANGELA J. RAFOTH, Bar No. 241966
    arafoth@littler.com
3   ALEXIS A. SOHRAKOFF, Bar No. 273410
    asohrakoff@littler.com
4   LITTLER MENDELSON, P.C.
    650 California Street
5   20th Floor
    San Francisco, California  94108.2693
6   Telephone:    415.433.1940
    Facsimile:    415.399.8490
7
    JODY A. LANDRY, Bar No. 125743
8   jlandry@littler.com
    LITTLER MENDELSON, P.C.
9   501 W. Broadway
    Suite 900
10  San Diego, California  92101.3577
    Telephone:    619.232.0441
11  Facsimile:    619.232.4302

12  Attorneys for Defendant
    ECOLAB INC.
13

14                  UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16                        SAN JOSE DIVISION

17

18  JOHN MARTINO, an individual, for          Case No.  _____
    himself and those similarly situated;
19  ADONIS AMOROSO, an individual, for        *SANTA CLARA SUPERIOR COURT CASE:*
    himself and those similarly situated; and  *114CV266125*
20  ROES 1 through 30,000 and the proposed
    Class,                                     **DECLARATION OF RICHARD H. RAHM**
21                                             **IN SUPPORT OF ECOLAB'S REMOVAL**
                    Plaintiff,                 **TO FEDERAL COURT**
22
         v.                                    **[28 U.S.C. §§ 1332, 1441 & 1446]**
23
    ECOLAB, INC., a Delaware Corporation;
24  and DOES 1 through 100, inclusive,
                                               Complaint filed: August 21, 2014
25                  Defendant.

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

RAHM DECLARATION IN SUPPORT OF
ECOLAB REMOVAL TO FEDERAL COURT                NDCA CASE NO.:_____

## <u>DECLARATION OF RICHARD H. RAHM</u>

I, Richard H. Rahm, do hereby declare and state as follows:

       1.     I am attorney licensed to practice law in the State of California and before this Court. I am one of the attorneys representing Defendant Ecolab, Inc., ("Defendant") in this case and make this declaration in support of Defendant's Notice of Removal to Federal Court. All of the information set forth herein is based on my personal knowledge and, if called and sworn as a witness, I could and would competently testify thereto.

       2.     Attached hereto as Exhibit A is a true and correct copy of the Plaintiffs' Class Action Complaint filed on June 4, 2014 in the matter of *JOHN MARTINO, ADONIS AMOROSO, and ROES 1 through 30,000 and the proposed Class, Plaintiffs, vs. ECOLAB INC., a Delaware Corporation; and DOES 1 through 100, inclusive, Defendants*, Santa Clara County Superior Court Case No. 114CV266125.

       3.     Attached hereto as Exhibit B is a true and correct copy of Plaintiffs' First Amended Complaint ("FAC") which was filed and served on Defendant on August 28, 2014 in the Santa Clara County Superior Court, which includes the Summons and First Amended Class Action Complaint.

       4.     Attached hereto as Exhibit C is a true and correct copy of a document entitled, "Civil Lawsuit Notice," issued by the Santa Clara County Superior Court.

       5.     Attached hereto as Exhibit D is a true and correct copy of the Defendant's Answer to Plaintiffs' FAC in the Superior Court of California for the County of Santa Clara. To my knowledge, as of today, no further process, pleadings, or orders related to this case have been filed in Santa Clara County Superior Court or served by any party.

       6.     As of today, no other parties have been named or validly served with the Summons and Complaint in this matter.

       Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct, and that this declaration was executed on September 26, 2014, at San Francisco, California.

///

RAHM DECLARATON IN SUPPORT OF
ECOLAB REMOVAL TO FEDERAL COURT
    1.    NDCA CASE NO.:_____

1    Executed in San Francisco, California, on September 26, 2014.

2

3                                    /s/ Richard H. Rahm
                                   RICHARD H. RAHM

4

5

Firmwide:129159146.1 057118.1183

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RAHM DECLARATON IN SUPPORT OF          2.          NDCA CASE NO.:_____
ECOLAB REMOVAL TO FEDERAL COURT

*Exhibit A*

1  Alejandro P. Gutierrez, SBN 107688
   **HATHAWAY, PERRETT, WEBSTER,**
2  **POWERS, CHRISMAN & GUTIERREZ**
   A Professional Corporation
3  200 Hathaway Building
   5450 Telegraph Road
4  Post Office Box 3577
   Ventura, CA 93006-3577
5  Telephone: (805) 644-7111
   Facsimile: (805) 644-8296
6  E-mail: agutierez@hathawaylawfirm.com

7
   Daniel J. Palay, SBN 159348
8  **PALAY LAW FIRM**
   121 N. Fir Street, Suite F
9  Ventura, CA 93001
   Telephone: (805) 641-6600
10 Facsimile: (805) 641-6607
   E-mail: djp@palaylaw.com

11

12 Attorneys for Plaintiffs and the Putative Class

13

14              SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                  FOR THE COUNTY OF SANTA CLARA

16

17 JOHN MARTINO, an individual, for himself     CASE NO: **114CV266125**
   and those similarly situated; ADONIS
18 AMOROSO, an individual, for himself and       **CLASS ACTION**
   those similarly situated; and ROES 1 through
19 30,000 and the proposed class,                **CLASS ACTION COMPLAINT FOR:**

20              Plaintiff,                        1) **WAGES OWED;**

21                                               2) **FAILURE TO PROVIDE**
                                                     **ACCURATE ITEMIZED WAGE**
22     vs.                                           **STATEMENTS; and**

23                                               3) **VIOLATION OF BUSINESS &**
                                                     **PROFESSIONS CODE SECTION**
24 ECOLAB INC., a Delaware Corporation; and         **17200 et seq.**
   DOES 1 through 100, inclusive,
25

26              Defendants.

27

28

**CLASS ACTION COMPLAINT**

FILED  Santa Clara County
06/04/14  12:05pm
David H. Yamasaki
Chief Executive Officer
By: Jcaonguyen DTSCIV010120
R#201400051262
CK          $435.00
TL          $435.00
Case: 1-14-CV-266125
J. CAO-NGUYEN

By Fax

TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:

COME NOW, PLAINTIFFS JOHN MARTINO, ADONIS AMOROSO, and ROES 1 through 30,000 and the proposed class, and submit the following Complaint against Defendant ECOLAB INC., and DOES 1 through 100, inclusive, and each of them, as follows:

1.     At all times herein mentioned, Plaintiff JOHN MARTINO is an individual and is a resident of the State of California who worked for the Defendants in the City of Modesto, County of Stanislaus, State of California.

2.     At all times herein mentioned, Plaintiff ADONIS AMOROSO is an individual and is a resident of the State of California who has worked for the Defendants in the County of Santa Clara State of California.

3.     At all times herein mentioned, ECOLAB INC. (herein referred to as "ECOLAB" or "Employer") is a Delaware corporation doing business in the State of California.

4.     Venue is appropriate in Santa Clara County because members of the class performed work in Santa Clara County for which they were not paid and Defendants engage in business in Santa Clara County.

5.     Plaintiffs are ignorant of the true names and capacities of Defendant DOES 1 through 100, inclusive, and for that reason sue said Defendants by their fictitious names.  Plaintiffs will ask leave of Court to amend this Complaint to allege the true names and capacities of said Doe Defendants when the same have been fully and finally ascertained.

## CLASS ACTION ALLEGATIONS

6.     Plaintiffs bring this action on their own behalf, and on behalf of all persons similarly situated.  The class represents and consists of all employees of ECOLAB who are/were Territory Manager, Territory Sales Manager and/or Territory Manager-Hospitality · who have worked in California during the period of June 2010 to the present, do not cross state lines in performance of their duties, and have not received full and correct pay for all hours worked and have not received accurate itemized wage statements required pursuant to *Labor Code* Section 226.  Plaintiffs are informed and believe, and based thereon allege, that the class represents over 100 persons and is so numerous that the joinder of each member of the class is impracticable.  ·

2

**CLASS ACTION COMPLAINT**

7.     There is a well-defined community of interest in the questions about law and fact affecting the class Plaintiffs represent.   The class members' claims against Defendants involve questions of common or general interest, in that each was employed by Defendants and each was not paid wages owed.   These questions are such that proof of facts common to the members of the class will entitle each member of the class to the relief requested in this complaint.

8.     Plaintiffs will fairly and adequately represent the interest of the class, because Plaintiffs are members of the class and Plaintiffs' claims are typical of those in the class.

**FIRST CLASS OF ACTION**
**(Action brought by Plaintiffs and Roes 1 through 30,000, inclusive,**
**for Failure to Pay Wages Against**
**ECOLAB INC. and DOES 1 through 100)**

9.     Plaintiffs refer to paragraphs 1 through 8, and incorporate the same by reference as though fully set forth at length herein.

10.     Plaintiffs in the aforementioned class are employees who worked for Defendants during the relevant time period, e.g. June 2010 through the present.   Plaintiffs and the class worked as non-exempt employees for Defendants.   Specifically, Plaintiff Martino was employed as a Territory Manager working for the Defendants from prior to 2005 through in or about March 2013.   Plaintiff Amoroso has been employed as a Territory Manager working for the Defendants from at least June 2010. Based upon the overtime worked during the last four years, Plaintiff Martino is owed less than $75,000.00, in unpaid overtime wages and interest.

11.     Plaintiffs and all members of the class regularly worked hours for which they were not paid the correct hourly wage.   Specifically, each was misclassified as an exempt employee and was not paid overtime/doubletime in accordance with California law. Further, each did not receive lawful meal periods in accordance with California law.   It is alleged that Defendants intentionally denied Plaintiffs and the class wages which should have been paid and violated *California Labor Code* Section 510 and applicable IWC wage orders.

12.     *California Labor Code* Section 202 provides that all wages shall become due and payable not later than 72 hours after the employee provides notice of his intention to quit.   In this case,

1  Defendants, and each of them, have refused and continue to refuse to pay Plaintiffs' and the class's

2  wages.

3        13.    Pursuant to *California Labor Code* Section 203, it is alleged that Defendants have

4  willfully failed to pay without abatement or reduction, in accordance with *Labor Code* Sections 201

5  and 202, all of the wages of the Plaintiffs and the class. Defendants are aware that they owe the wages

6  claimed, yet they have willfully failed to make payment. As a result, Plaintiffs seek wages and

7  penalties for themselves and similarly situated members of the class pursuant to *Labor Code* Section

8  203.

9        14.    Plaintiffs and the class have been available and ready to receive wages owed to them,

10 including overtime wages.

11       15.    Plaintiffs and the class have never refused to receive any payment, nor have Plaintiffs

12 or any member of the class been absent from their regular place of residence.

13       16.    Defendants' failure to pay wages due and owing Plaintiffs and the class as indicated in

14 prior paragraphs, was willful; Defendants have knowingly refused to pay any portion of the amount

15 due and owing Plaintiffs and the class.

16       17.    Pursuant to *Labor Code* Section 218.5 and Section 1194, Plaintiffs request the Court to

17 award Plaintiffs' reasonable attorneys' fees and costs incurred in this action. Plaintiffs also request all

18 unpaid wages, waiting time penalties and interest.

19       WHEREFORE, Plaintiffs demand judgment against the Defendants and each of them and in

20 favor of themselves and the class, as follows:

21            1.    For wages owed according to proof;

22            2.    For prejudgment interest at the statutory rate;

23            3.    For statutory penalties pursuant to law;

24            4.    For reasonable attorneys' fees pursuant to *Labor Code* Sections 218.5, 1194;

25            5.    For costs of suit; and,

26            6.    For any other and further relief that the Court considers just and proper.

27 ///

28 ///

## SECOND CAUSE OF ACTION

**(Action brought by Plaintiffs and Roes 1 through 30,000, inclusive,
for Failure to Provide Accurate Itemized Wage Statements in Violation of Labor Code § 226
Against Ecolab Inc. and DOES 1 through 100)**

18.     Plaintiffs refer to paragraphs 1 through 17, and incorporate same by reference as though fully set forth at length herein.

19.     At all times relevant hereto, California *Labor Code* §226 required Defendants, at the time of each payment of wages, to furnish each of their employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing, among other things, the gross wages earned and total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission

20.     Plaintiffs allege that they and the class are employees who are not exempt from payment of overtime.

21.     *Labor Code* § 226, including subsection (e), provides that if an employer knowingly and intentionally fails to provide a statement itemizing, *inter alia*, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

22.     Plaintiffs allege that within a year prior to filing of the complaint, as a pattern and practice, in violation of Labor Code § 226(a), Defendants have knowingly and intentionally failed to provide Plaintiffs and the class with accurate itemized wage statements in writing showing all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked by each respective individual, including overtime worked.

23.     As a proximate result of Defendants' failure to provide accurate itemized wages statements, Plaintiffs and the class have suffered actual damages and harm by being unable to determine their applicable hourly rate or the amount of overtime worked each pay period, which prevented them from becoming aware of these violations and asserting of their statutory protections under California law.

24.     Pursuant to *Labor Code* Section 226(e), Plaintiffs and the class are entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

25.     Plaintiffs and the class are entitled to an award of costs and reasonable attorneys' fees under *Labor Code* Section 226(h).

26.     Pursuant to   *Labor Code* Section 226(h), Plaintiffs and the class are entitled to injunctive relief to ensure Defendant's compliance with *Labor Code* Section 226.

WHEREFORE, Plaintiffs demand judgment against the Defendants, and each of them and in favor of themselves and the class, as follows:

1. For an award of fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

2. For an award of reasonable attorneys' fees and costs pursuant to *Labor Code* Section 226(h).

3. Injunctive relief pursuant to *Labor Code* Section 226(h) to ensure Defendant's compliance with *Labor Code* Section 226.

4. For such other and further relief as the Court may deem appropriate.

CLASS ACTION COMPLAINT

## THIRD CAUSE OF ACTION
### (Action brought by all Plaintiffs and Roes 1 through 30,000, inclusive, for Unfair Competition/Violation of *Business and Professions Code* Section 17200 et seq. Against Ecolab Inc. and DOES 1 through 100)

27.   Plaintiffs refer to paragraphs 1 through 26, and incorporate same by reference as though fully set forth at length herein.

28.   This cause of action is being brought pursuant to *Business and Professions Code* Section 17200 et seq. and the California case law including *Cortez v. Purolator Air Filtration Products Co.* (2000) 96 Cal.Rptr.2nd 518.

29.   It is alleged that Defendants have willfully failed to pay employees wages owed. The actions alleged aforesaid, specifically, the failure to pay both current employees and past employees wages which are owed constitutes an unfair business practice under *California Business and Professions Code* Section 17200.

30.   As a result of the conduct of Ecolab Inc. and Does 1 through 100, Defendants profited from breaking the law. Plaintiffs seek disgorgement of this unlawfully obtained benefit.

31.   *California Business and Professions Code* Section 17203, under the authority of which a restitutionary order may be made, provides:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use of employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. *Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure, but these limitations do not apply to claims brought under this chapter by the Attorney General, or any district attorney, county counsel, city attorney, or city prosecutor in this state.*

32.   As a result of the alleged aforesaid actions, Plaintiffs and the class have suffered injury in fact and have lost money as a result of such unfair competition.

33.   In this case, it is requested that this Court order such restitution.

/ / /

WHEREFORE, Plaintiffs demand judgment against Defendants and each of them, as follows:

1.  For an equitable order, ordering Defendants to pay all former and current non-exempt class employees all wages, interest, and penalties they are owed;

2.  For an appointment of a receiver to perform an accounting of all monies owed to these employees;

3.  For any and all injunctive relief this Court deems necessary pursuant to *California Business and Professions Code* Section 17203;

4.  For prejudgment interest pursuant to *Civil Code* Sections 3288 and 3291 on all amounts claimed; and

6.  For such other and further relief that the Court deems just and proper.

Dated: June 3, 2014

HATHAWAY, PERRETT, WEBSTER, POWERS,
CHRISMAN & GUTIERREZ
A Professional Corporation

By: _____
Alejandro P. Gutierrez
Attorneys for Plaintiffs and the Putative Class

---

8

**CLASS ACTION COMPLAINT**

*Exhibit B*

8/28  1655pm

**SUM-100**

| | |
|---|---|
| # SUMMONS<br>*(CITACION JUDICIAL)*    FIRST AMENDED | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Ecolab, Inc., a Delaware Corporation; and Does 1
through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
John Martino, an individual, for himself and those similarly situated;
(continued on attachment)

**ENDORSED**

2014 AUG 21  A 9: 38

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By **Sharon Ulleseit**

COPY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of CA, County of Santa Clara<br>191 N. First St<br>San Jose, CA 95113 | **CASE NUMBER:** *(Número del Caso):*<br>114CV266125 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alejandro P. Gutierrez      Hathaway, Perrett, Webster, et al.
5450 Telegraph Road, Suite 200      (805) 644-7111
Ventura, California 93003

| | | | |
|---|---|---|---|
| DATE:   AUG 21 2014<br>*(Fecha)* | Chief Executive Officer, Clerk<br>DAVID H. YAMASAKI | Clerk, by<br>*(Secretario)*   **Sharon Ulleseit** | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Ecolab, Inc., a Delaware Corporation
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

 Martin Dean's
ESSENTIAL FORMS™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

FIRST AMENDED

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Martino et al. v Ecolab | 114cv266125 |

## INSTRUCTIONS FOR USE

➢ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➢ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

[X] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

Adonis Amoroso, an individual, for himself and those similarly situated; and ROES 1 through 30,000 and the proposed class

Page ___2___ of ___2___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]
Martin Dean's
ESSENTIAL FORMS™

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons.    FIRST AMENDED

1  Alejandro P. Gutierrez, SBN 107688
   **HATHAWAY, PERRETT, WEBSTER,**
2  **POWERS, CHRISMAN & GUTIERREZ**
   A Professional Corporation
3  200 Hathaway Building
   5450 Telegraph Road
4  Post Office Box 3577
   Ventura, CA  93006-3577
5  Telephone: (805) 644-7111
   Facsimile: (805) 644-8296
6  E-mail: agutierez@hathawaylawfirm.com

7
   Daniel J. Palay, SBN 159348
8  Michael A. Strauss, SBN 246718
   **PALAY LAW FIRM**
9  121 N. Fir Street, Suite F
   Ventura, CA  93001
10 Telephone:  (805) 641-6600
   Facsimile:  (805) 641-6607
11 E-mail:  djp@palaylaw.com

12
   Attorneys for Plaintiffs and the Putative Class
13

14

15                SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                    FOR THE COUNTY OF SANTA CLARA

17  JOHN MARTINO, an individual, for           CASE NO:  114CV266125
    himself and those similarly situated;
18  ADONIS AMOROSO, an individual, for         **CLASS ACTION**
    himself and those similarly situated; and
19  ROES 1 through 30,000 and the proposed     **FIRST AMENDED CLASS ACTION**
    Class,                                     **COMPLAINT FOR:**
20
                                               1)  **WAGES OWED;**
21            Plaintiffs,
                                               2)  **FAILURE TO PROVIDE**
22                                                 **ACCURATE ITEMIZED WAGE**
                                                   **STATEMENTS;**
23        vs.
                                               3)  **VIOLATION OF BUSINESS &**
24                                                 **PROFESSIONS CODE SECTION**
                                                   **17200 et seq.; and**
25  ECOLAB INC., a Delaware Corporation;
    and DOES 1 through 100, inclusive,         4)  **CIVIL PENALTIES UNDER THE**
26                                                 **PRIVATE ATTORNEY**
                                                   **GENERAL ACT OF 2004.**
27            Defendants.
28

                                        1
                    **FIRST AMENDED CLASS ACTION COMPLAINT**

TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:

COME NOW, PLAINTIFFS JOHN MARTINO, ADONIS AMOROSO (herein collectively "Plaintiffs"), and the proposed Class, and submit the following First Amended Complaint against Defendant ECOLAB INC., and DOES 1 through 100, inclusive, and each of them, as follows:

1.    At all times herein mentioned, Plaintiff John Martino (herein "MARTINO") is an individual and is a resident of the State of California who worked for the Defendants in the City of Modesto, County of Stanislaus, State of California.

2.    At all times herein mentioned, Plaintiff Adonis Amoroso (herein "AMOROSO") is an individual and is a resident of the State of California who has worked for the Defendants in the County of Santa Clara State of California.

3.    At all times herein mentioned, ECOLAB INC. (herein referred to as "ECOLAB" or "Employer") is a Delaware corporation doing business in the State of California.

4.    Venue is appropriate in Santa Clara County because members of the Class defined herein performed work in Santa Clara County for which they were not paid and Defendants engage in business in Santa Clara County.

5.    Plaintiffs are ignorant of the true names and capacities of Defendant DOES 1 through 100, inclusive, and for that reason sue said Defendants by their fictitious names. Plaintiffs will ask leave of Court to amend this Complaint to allege the true names and capacities of said Doe Defendants when the same have been fully and finally ascertained. Defendants Ecolab and DOES 1 through 100, inclusive are collectively referred to as the "Defendants" herein.

## CLASS ACTION ALLEGATIONS

6.    Plaintiffs bring this action on their own behalf, and on behalf of all persons similarly situated. The Class represents and consists of all current and former employees of Ecolab, Inc. in its Institutional Division in California who have held one or more of the following job titles at any time from June 4, 2010 to the present: Territory Manager, Territory Sales Manager and/or Territory Manager-Hospitality (hereinafter the "Class"). Plaintiffs are

2

FIRST AMENDED CLASS ACTION COMPLAINT

1   informed and believe, and based thereon allege, that the Class represents over 100 persons and

2   is so numerous that the joinder of each member of the Class (hereinafter the "Class Members")

3   is impracticable.

4       7.    There is a well-defined community of interest in the questions about law and fact

5   affecting the Class that Plaintiffs represent.  The Class Members' claims against Defendants

6   involve questions of common or general interest, in that each was employed by Defendants

7   and each was not paid wages owed or provided with accurate paycheck itemized wage

8   statements.  These questions are such that proof of facts common to the members of the Class

9   will entitle each member of the Class to the relief requested in this complaint.

10       8.    Plaintiffs will fairly and adequately represent the interest of the Class, because

11   Plaintiffs are members of the Class and Plaintiffs' claims are typical of those in the Class.

12   **FIRST CAUSE OF ACTION**

13   **(Action Brought By Plaintiffs MARTINO and AMOROSO, On Behalf Of Themselves**

14   **And Those Similarly Situated, For Failure To Pay Wages**

15   **Against ECOLAB INC. And DOES 1 Through 100)**

16       9.    Plaintiffs refer to paragraphs 1 through 8, and incorporate the same by reference

17   as though fully set forth at length herein.

18       10.    Plaintiffs in the aforementioned Class are employees who worked for

19   Defendants during the relevant time period, e.g. June 4, 2010 through the present.  Plaintiffs

20   and the Class worked as non-exempt employees for Defendants, but Defendants wrongfully

21   misclassified Plaintiffs and the Class as exempt employees.  Specifically, Plaintiff Martino

22   was employed as a Territory Manager working for the Defendants from prior to 2005 through

23   in or about March 2013.  Plaintiff Amoroso has been employed as a Territory Manager

24   working for the Defendants from at least June 2010.  Plaintiffs are informed and believe and,

25   based on such information and belief, thereon allege that Plaintiffs are each individually owed

26   less than $75,000.00 in unpaid overtime wages and interest.

27       11.    Plaintiffs and all members of the Class regularly worked hours for which they

28   were not paid the correct hourly wage.  Specifically, each was misclassified as an exempt

3

**FIRST AMENDED CLASS ACTION COMPLAINT**

1   employee and was not paid overtime/doubletime in accordance with California law. It is
2   alleged that Defendants intentionally denied Plaintiffs and the Class wages which should have
3   been paid and violated Labor Code sections 227.3 (unpaid accrued vacation wages at
4   termination/resignation) and 510 (unpaid overtime) and applicable IWC wage orders.

5       12.    Labor Code section 201 makes all wages due and payable on the date on which
6   an employee is terminated. Section 202 provides that all wages shall become due and payable
7   not later than 72 hours after the employee provides notice of his intention to quit. In this case,
8   Defendants, and each of them, have refused and continue to refuse to pay Plaintiffs' and the
9   Class's wages in accordance with sections 201 and 202.

10       13.    Pursuant to Labor Code section 203, it is alleged that Defendants have willfully
11   failed to pay without abatement or reduction, in accordance with Labor Code sections 201 and
12   202, all of the wages of the Plaintiffs and the Class. Defendants are aware that they owe the
13   wages claimed, yet they have willfully failed to make payment. As a result, Plaintiffs seek
14   wages and penalties for themselves and similarly situated members of the Class pursuant to
15   Labor Code section 203.

16       14.    Plaintiffs and the Class have been available and ready to receive wages owed to
17   them, including overtime wages.

18       15.    Plaintiffs and the Class have never refused to receive any payment, nor have
19   Plaintiffs or any member of the Class been absent from their regular place of residence.

20       16.    Defendants' failure to pay wages due and owing Plaintiffs and the Class as
21   indicated in prior paragraphs, was willful; Defendants have knowingly refused to pay any
22   portion of the amount due and owing Plaintiffs and the Class.

23       17.    Pursuant to Labor Code section 1194, Plaintiffs request the Court to award
24   Plaintiffs' reasonable attorneys' fees and costs incurred in this action. Plaintiffs also request
25   all unpaid wages, waiting time penalties under Labor Code section 203, and interest under
26   Labor Code section 218.6.

27       WHEREFORE, Plaintiffs demand judgment against the Defendants and each of them
28   and in favor of themselves and the Class, as follows:

1.    For wages owed according to proof;

2.    For prejudgment interest at the statutory rate;

3.    For statutory penalties pursuant to law;

4.    For reasonable attorneys fees pursuant to Labor Code section 1194;

5.    For costs of suit; and,

6.    For any other and further relief that the Court considers just and proper.

**SECOND CAUSE OF ACTION**

**(Action Brought By Plaintiffs MARTINO and AMOROSO, On Behalf Of Themselves**

**And Those Similarly Situated, For Failure To Provide Accurate Itemized Wage**

**Statements In Violation Of Labor Code § 226**

**Against Ecolab Inc. And DOES 1 Through 100)**

18.    Plaintiffs refer to paragraphs 1 through 17, and incorporate same by reference as though fully set forth at length herein.

19.    At all times relevant hereto, Labor Code section 226 required Defendants, at the time of each payment of wages, to furnish each of their employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing, among other things, the gross wages earned and total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission.

20.    Plaintiffs allege that they and the Class are employees who are not exempt from payment of overtime.

21.    Labor Code section 226, including subsection (e), provides that if an employer knowingly and intentionally fails to provide a statement itemizing, inter alia, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

5

**FIRST AMENDED CLASS ACTION COMPLAINT**

22.     Plaintiffs allege that within a year prior to filing of the complaint, as a pattern and practice, in violation of Labor Code section 226(a), Defendants have knowingly and intentionally failed to provide Plaintiffs and the Class with accurate itemized wage statements in writing showing all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked by each respective individual, including overtime worked.

23.     As a proximate result of Defendants' failure to provide accurate itemized wages statements, Plaintiffs and the Class have suffered actual damages and harm by being unable to determine their applicable hourly rate or the amount of overtime worked each pay period, which prevented them from becoming aware of these violations and asserting of their statutory protections under California law.

24.     Pursuant to Labor Code section 226(e), Plaintiffs and the Class are entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

25.     Plaintiffs and the Class are entitled to an award of costs and reasonable attorneys' fees under Labor Code section 226(h).

26.     Pursuant to Labor Code section 226(h), Plaintiffs and the Class are entitled to injunctive relief to ensure Defendant's compliance with Labor Code section 226.

WHEREFORE, Plaintiffs demand judgment against the Defendants, and each of them and in favor of themselves and the Class, as follows:

1.      For an award of fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

2.      For an award of reasonable attorneys' fees and costs pursuant to Labor Code section 226(h).

· 6

**FIRST AMENDED CLASS ACTION COMPLAINT**

1    3.     Injunctive relief pursuant to Labor Code section 226(h) to ensure Defendants'

2           compliance with Labor Code section 226.

3    4.     For such other and further relief as the Court may deem appropriate.

4                              **THIRD CAUSE OF ACTION**

5    **(Action Brought By All Plaintiffs MARTINO and AMOROSO, On Behalf Of Themselves**

6      **And Those Similarly Situated, For Unfair Competition/Violation Of Business And**

7                          **Professions Code Section 17200 Et Seq.**

8                          **Against Ecolab Inc. And DOES 1 Through 100)**

9    27.    Plaintiffs refer to paragraphs 1 through 26, and incorporate same by reference as

10   though fully set forth at length herein.

11   28.    This cause of action is being brought pursuant to Business and Professions Code

12   section 17200 et seq. and the California case law including *Cortez v. Purolator Air Filtration*

13   *Products Co.* (2000) 96 Cal.Rptr.2nd 518.

14   29.    It is alleged that Defendants have willfully failed to pay Plaintiffs and the Class

15   wages owed.  The actions alleged aforesaid, specifically, the failure to pay both current

16   employees and past employees wages which are owed constitutes an unfair business practice

17   under Business and Professions Code section 17200.

18   30.    As a result of the conduct of Ecolab Inc. and Does 1 through 100, Defendants

19   profited from breaking the law.  Plaintiffs seek disgorgement of this unlawfully obtained

20   benefit on behalf of themselves and the Class.

21   31.    California Business and Professions Code Section 17203, under the authority of

22   which a restitutionary order may be made, provides:

23           Any person who engages, has engaged, or proposes to engage in

24           unfair competition may be enjoined in any court of competent

25           jurisdiction.  The court may make such orders or judgments,

26           including the appointment of a receiver, as may be necessary to

27           prevent the use of employment by any person of any practice

28           which constitutes unfair competition, as defined in this chapter, or

7

**FIRST AMENDED CLASS ACTION COMPLAINT**

1    as may be necessary to restore to any person in interest any money

2    or property, real or personal, which may have been acquired by

3    means of such unfair competition.   Any person may pursue

4    representative claims or relief on behalf of others only if the

5    claimant meets the standing requirements of Section 17204 and

6    complies with Section 382 of the Code of Civil Procedure, but

7    these limitations do not apply to claims brought under this chapter

8    by the Attorney General, or any district attorney, county counsel,

9    city attorney, or city prosecutor in this state.

10   32.   As a result of the alleged aforesaid actions, Plaintiffs and the Class have suffered

11   injury in fact and have lost money as a result of such unfair competition.

12   33.   In this case, it is requested that this Court order such restitution.

13   WHEREFORE, Plaintiffs demand judgment against Defendants and each of them, as

14   follows:

15   1.   For an equitable order, ordering Defendants to pay all former and current non-

16   exempt Class Members all wages, interest, and penalties they are owed;

17   2.   For an appointment of a receiver to perform an accounting of all monies owed to

18   these employees;

19   3.   For any and all injunctive relief this Court deems necessary pursuant to Business

20   and Professions Code section 17203;

21   4.   For prejudgment interest pursuant to Civil Code sections 3288 and 3291 on all

22   amounts claimed;

23   5.   For such other and further relief as the Court may deem appropriate.

24   ## FOURTH CAUSE OF ACTION

25   **(Action Brought By Plaintiffs MARTINO And AMOROSO, As Private Attorneys**

26   **General, For Civil Penalties Under The Private Attorneys General Act Of 2004**

27   **Against Ecolab Inc. And DOES 1 Through 100)**

28   34.   Plaintiffs MARTINO and AMOROSO hereby re-allege and incorporate by

8

1  reference the allegations set forth at paragraphs 1 through 33, as though fully set forth herein.

2      35.   Plaintiffs MARTINO and AMOROSO bring this cause of action against

3  Defendants in their capacity as private attorneys general (proxies or agents of the State of

4  California) to recover civil penalties under the Private Attorneys General Act of 2004, which

5  is codified in Labor Code section 2699 et seq. (herein "PAGA"), for Defendants' violations

6  of the Labor Code enumerated herein.

7      36.   Plaintiffs MARTINO and AMOROSO are informed, believe, and thereon

8  allege that at all times pertinent hereto they each were an "aggrieved employee" of

9  Defendants, as that phrase is statutorily defined pursuant to Labor Code section 2699(c); in

10  particular, Plaintiffs were persons employed by the alleged violators (i.e., Defendants), and

11  against whom one or more of the alleged violations was committed.

12      37.   Plaintiffs MARTINO and AMOROSO have complied with all procedural

13  requirements of the PAGA.

14      38.   In particular, on **June 17, 2014,** Plaintiffs MARTINO and AMOROSO gave

15  written Notice by certified mail to the California Labor and Workforce Development Agency

16  and Defendants of the specific provisions of the Labor Code alleged to have been violated by

17  Defendants, including the facts and theories to support the alleged violations (the "Notice").

18      39.   A true and correct copy of aggrieved employees, Plaintiffs' Notice to the

19  California Labor and Workforce Development Agency and Defendants is attached hereto as

20  **Exhibit "A".**

21      40.   Plaintiffs MARTINO and AMOROSO are informed, believe, and thereon

22  allege that they are statutorily authorized to commence a civil action against Defendants

23  pursuant to the PAGA, including Labor Code sections 2698, 2699, 2699.3 and 2699.5, as

24  either the California Labor and Workforce Development has notified the employer and

25  Plaintiffs MARTINO and AMOROSO by certified mail that it does not intend to investigate

26  the alleged violation within thirty (30) calendar days of the postmark date of their receipt of

27  the Notice or at least thirty three (33) calendar days have elapsed from the postmark date of

28  the Notice with the California Labor and Workforce Development having not provided

9

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  notification of any intention to investigate the alleged violations.

2      41.    Plaintiffs MARTINO and AMOROSO are informed, believe, and thereon
3  allege that at all times pertinent hereto, Labor Code section 2699.3(a)(2)(C) provided,
4  "Notwithstanding any other provision of law, a plaintiff may as a matter of right amend an
5  existing complaint to add a cause of action arising under this part at any time within 60 days
6  of the time periods specified in this part."

7      42.    Labor Code section 201 requires immediate payment of all wages owed at the
8  termination of employment.   It is alleged that within the last year of the filing of the
9  Complaint, Class Members have been terminated and have not received all wages owed at
10  their termination.  Plaintiffs MARTINO and AMOROSO seek civil penalties on behalf of
11  themselves and all others similarly situated under Labor Code section 2699, subd. (f) or any
12  other statute that provides for civil penalties for such violations of law.

13      43.    Labor Code section 202 requires payment of all wages owed within 72 hours of
14  the resignation of an employee, unless the employee gives more than 72-hours' notice, in
15  which case wages are owed at the employee's resignation.  It is alleged that within the last
16  year of the filing of the Complaint, Class Members have resigned and have not received all
17  overtime premium pay owed in a timely fashion after their resignation.  Plaintiffs MARTINO
18  and AMOROSO seek civil penalties on behalf of themselves and all others similarly situated
19  under Labor Code section 2699, subd. (f) or any other statute that provides for civil penalties
20  for such violations of law.

21      44.    Labor Code section 203 establishes a statutory penalty for willful violations of
22  Labor Code sections 201 or 202.  There has been a willful violation of Labor Code sections
23  201 and 202 because, in part, Defendants cannot hide behind their ignorance of the
24  California's wage and hour law.  MARTINO and AMOROSO seek civil penalties on behalf
25  of themselves and all others similarly situated under Labor Code section 256 for Defendants'
26  violation of sections 201, 202, and 203.

27      45.    Labor Code section 204 makes wages due no less frequently than twice a
28  month for non-exempt employees for work performed each pay period.  Defendants have

violated section 204 with respect to MARTINO and AMOROSO and their similarly situated coworkers by not paying them all wages due for work performed each pay period. MARTINO and AMOROSO seek civil penalties on behalf of themselves and all other similarly situated under Labor Code section 210.

46.    Labor Code section 219 provides that an employer may not circumvent by way of private agreement the requirements of the wage-and-hour laws of the Labor Code.  To the extent that Defendants will argue that these employees agreed to forfeit their overtime and/or other wages, Defendants will have violated Labor Code section 219.   MARTINO and AMOROSO seek civil penalties on behalf of themselves and all others similarly situated under Labor Code section 2699, subd. (f) or any other statute that provides for civil penalties for such violations of law.

47.    Labor Code section 226, subdivision (a), requires a California employer to include very specific information on an employee's paycheck stub.  The required information includes the total number of overtime hours worked and the correct rates of pay.  Lab. Code § 226(a).  Subdivision (e) sets forth statutory penalties for the violation of section 226(a). MARTINO and AMOROSO seek to recover said penalties on behalf of themselves and all others similarly situated.

48.    Labor Code section 226.3 sets forth civil penalties for violation of section 226, subdivision (a).    Plaintiffs MARTINO and AMOROSO seek said penalties against Defendants on behalf of themselves and all other similarly situated employees for violation of section 226, subdivision (a).

49.    Labor Code section 510 provides that an employer shall pay overtime premium wages to non-exempt employees who work over eight hours in a workday or over 40 hours in a workweek.  Defendants violated Labor Code section 510 by not paying overtime premium wages to non-exempt employees who worked over eight hours in a day and Labor Code section 510.

50.    Labor Code section 558 provides for civil penalties against an employer who violates section 510. MARTINO and AMOROSO seek said penalties against Defendants on

11

1  behalf of themselves and all other similarly situated employees for violation of section 510.

2      51.    MARTINO and AMOROSO also seek any civil penalties allowable under the
3  Labor Code that arise out of the same set of operative facts as the claims made in this
4  complaint and/or in the Notice.

5      52.    Plaintiffs additionally seek any and all available injunctive relief and an award
6  of reasonable attorney's fees and costs pursuant to Labor Code section 2699(g)(1).

7      53.    Plaintiffs and the Class are informed, believe, and thereon allege that at all
8  times pertinent hereto, Labor Code section 2699(g)(1) provided in pertinent part, "...Nothing
9  in this part shall operate to limit an employee's right to pursue or recover other remedies
10  available under state or federal law, either separately or concurrently with an action taken
11  under this part...."

12      WHEREFORE, Plaintiffs demand judgment against Defendants and each of them, as
13  follows:

14      1.    For all civil penalties available under the Labor Code;

15      2.    For reasonable attorney's fees and costs pursuant to California law, including,
16          but not limited to California Labor Code section 2699(g)(1);

17      3.    For such other and further relief that the Court deems just and proper;

18  Dated: August 19, 2014        HATHAWAY, PERRETT, WEBSTER, POWERS,
19                          CHRISMAN & GUTIERREZ
20                          A Professional Corporation

21
22                  By:    _Alejandro P. Gutierrez_ /#5253882
                        Alejandro P. Gutierrez
23                          Attorneys for Plaintiffs and the Putative Class

24
25
26
27
28

# Exhibit "A"

LAW OFFICES OF
## HATHAWAY, PERRETT, WEBSTER, POWERS, CHRISMAN & GUTIERREZ

A PROFESSIONAL CORPORATION
(ESTABLISHED 1961)

ADAM A. ACEVEDO
ROBERT A. BARTOSH
JOSEPH C. CHRISMAN
FRANK CORRAL
GEOFFREY J. FARWELL
STEVEN S. FEDER *
ALEJANDRO P. GUTIERREZ
GREG W. JONES
JEANNE MacCALDEN KVALE
MICHAEL F. PERRETT
PAUL D. POWERS
ALEXIS RIDENOUR
SETH P. SHAPIRO
JOHN R. WEBSTER

* CERTIFIED SPECIALIST ESTATE PLANNING,
TRUST & PROBATE LAW BY THE STATE BAR OF
CALIFORNIA BOARD OF LEGAL SPECIALIZATION

200 HATHAWAY BUILDING
5450 TELEGRAPH ROAD
POST OFFICE BOX 3577
VENTURA, CALIFORNIA 93006

TELEPHONE (805) 644-7111
FACSIMILE (805) 644-8296
www.hathawaylawfirm.com

JULIEN G. HATHAWAY
(1907-1985)

JOEL MARK
OF COUNSEL

MARY E. GAGNE
OFFICE MANAGER

DEBRA D. ACEVEDO
COLEEN DeLEON
JENNIFER A. ROLLAG
BONNIE P. RYAN

CERTIFIED PARALEGALS

June 17, 2014

**Via Certified Mail**

Labor and Workforce Development Agency
Attn: PAGA Administrator
455 Golden Gate Ave., 9th Floor
San Francisco, CA 94102

Douglas M. Baker, Jr.
Chief Executive Officer
Ecolab, Inc.
370 Wabasha Street North
St. Paul, MN 55102

        Re:    Martino, et al.  v. Ecolab, Inc.
               Private Attorneys General Action

To Whom It May Concern:

        This office represents Adonis Amoroso in his claim for violations of California wage-and-hour statutes and regulations by his employer, Ecolab, Inc. ("Ecolab"). Mr. Amoroso has, along with John Martino, filed a civil lawsuit on behalf of himself and all other similarly situated individuals against Ecolab to recover wages and statutory penalties under California statutes and regulations. Additionally, Mr. Amoroso intends on seeking to recover all available civil penalties under the Private Attorneys General Act ("PAGA"). This correspondence is being sent pursuant to the provisions of California Labor Code section 2699.3 in order to allow Mr. Amoroso to collect the civil penalties associated with the violations of the following statutes and regulations in a civil lawsuit against Ecolab.

## Exhibit "A"

These are the facts as we presently understand them: First, Ecolab has misclassified as exempt employees Mr. Amoroso, Mr. Martino and all others who hold (or have held) the position as Territory Manager/Territory Manager-Hospitality in California. These individuals often work overtime and doubletime hours without receiving overtime or doubletime premium pay. Consequently, Ecolab owes them said premium pay. Second, Ecolab has not provided these individuals with paycheck stubs that conform to the requirements of Labor Code section 226. Finally, Ecolab has not paid these individuals who have left Ecolab's employment all wages due as required pursuant to Labor Code sections 201 and 202. Consequently, Ecolab owes them statutory penalties pursuant to Labor Code section 203. Mr. Amoroso believes that there have been more than 150 employees in California in the last four years who were subjected to the same illegal actions.

Mr. Amoroso will seek wages and statutory penalties against Ecolab for these violations. He will seek civil penalties under the following statutes and regulations: Labor Code sections 201, 202, 203, 204, 210, 219, 226, 226.3, 510, and 558; and IWC Wage Order 5-2001.

## THE LAW

### 1. Statutory and Regulatory Violations

Labor Code section 510 requires employers to pay nonexempt workers overtime premium wages when they work more than eight hours in one day or over forty hours in one week, and for the first eight hours worked on the seventh straight day of work in a single workweek. This statute also requires employers to pay nonexempt workers doubletime premium wages when they work more than 12 hours in one workday and for all hours worked in excess of eight on the seventh straight day of work in one workweek. Ecolab violated Labor Code section 510 by not paying overtime or doubletime wages to Mr. Amoroso and his fellow Territory Managers/Territory Managers- Hospitality in California.

IWC Wage Order 5-2001 section 3(A) mirrors the overtime and doubletime requirements of Labor Code section 510. Ecolab violated Wage Order 5-2001 by not paying overtime or doubletime wages to Territory Managers/Territory Managers- Hospitality in California.

Labor Code section 201 requires immediate payment of all wages owed at the termination of employment. It is believed that within the last year, Territory Managers/Territory Mangers-Hospitality in California have been terminated and have not received their overtime or doubletime wages owed at their termination.

Labor Code section 202 requires payment of all wages owed within 72 hours of the resignation of an employee, unless the employee gives more than 72-hours notice, in which case wages are owed at the employee's resignation. It is believed that within the last year, Territory Managers/Territory Mangers-Hospitality in California have resigned and have not received their overtime or doubletime wages owed in a timely fashion as required by Labor Code section 202.

**Exhibit "A"**

Labor Code section 204 sets timetables for when wages are due each pay period. In effect, most wages earned during a pay period must be paid at the conclusion of that pay period or the conclusion of the next pay period (in the case of wages earned for labor in excess of the normal work period). Here, overtime wages were owed each pay period in which individuals worked overtime hours, and yet Ecolab did not pay them overtime.

Labor Code section 219 provides that an employer may not circumvent by way of private agreement the requirements of the wage-and-hour laws of the Labor Code. To the extent that Ecolab will argue that these employees agreed to work overtime and/or doubletime hours for no additional compensation, Ecolab will have violated Labor Code section 219.

Labor Code section 226, subdivision (a) requires employers to put specific information on their employees' paycheck stubs. This information includes the actual number of hours worked and the applicable rates of pay. Ecolab failed to include this information on Mr. Amoroso's and Mr. Martino's paycheck stubs, and it is believed that the violation of Labor Code section 226, subdivision (a) extends to all other Territory Managers/Territory Managers-Hospitality whom Ecolab misclassified as exempt employees.

### 2. Civil Penalties Sought

Labor Code section 210 establishes a civil penalty for violations of Labor Code section 204. Every person who fails to pay the wages of each employee as provided in section 204 shall be subject to a civil penalty as follows:

> (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; and
>
> (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

As it is alleged that Ecolab violated Labor Code section 204, Mr. Amoroso will, on behalf of himself and all other similarly situated individuals, seek the civil penalties available under Labor Code section 210.

Labor Code section 226.3 provides:

> Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

**Exhibit "A"**

As it is alleged that Ecolab violated Labor Code section 226, subdivision (a), Mr. Amoroso will seek, on behalf of himself and all other similarly situated individuals, the civil penalties available under Labor Code section 226.3.

Labor Code section 558 provides for a civil penalty against employers who violate Labor Code section 510. The civil penalty is as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

As it is alleged that Ecolab violated Labor Code section 510, Mr. Amoroso will seek, on behalf of himself and all other similarly situated individuals, the civil penalties available under Labor Code section 558.

Labor Code section 2699 provides for a civil penalty for the violation of Labor Code sections that lack a civil penalty provision of their own. The civil penalty is as follows: "If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." Mr. Amoroso alleges that Ecolab violated the following civil-penalty-less Labor Code sections: 201, 202, 203, and 219.

IWC Wage Order 5-2001 provides for a civil penalty to be assessed against an employer who violates its provision. Section 20 thereof states, in relevant part:

(A) In addition to any other civil penalties provided by law, any employer or any other person acting on behalf of the employer who violates, or causes to be violated, the provisions of this order, shall be subject to the civil penalty of:
(1) Initial Violation — $50.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages.
(2) Subsequent Violations — $100.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages.

Mr. Amoroso will seek, on behalf of himself and all other similarly situated individuals, this additional civil penalty against Ecolab for its violation of IWC Wage Order 5-2001, section 3(A), as well as any additional violation of said Wage Order.

**Exhibit "A"**

## CONCLUSION

Pursuant to California Labor Code section 2699.5, a violation of the above-cited statutes and regulations may form the basis for a PAGA action against Ecolab. However, as required by law, aggrieved employees like Mr. Amoroso must first give the Labor and Workplace Development Agency the opportunity to pursue the offending employer before bringing his own PAGA action to collect civil penalties associated with the violation of the above-cited statutes and regulations. Please let me know if your agency intends to investigate the matter. If not, Mr. Amoroso intends to pursue a civil action pursuant to law.

Very truly yours,

HATHAWAY, PERRETT, WEBSTER,
POWERS, CHRISMAN & GUTIERREZ, APC

By _____
Alejandro P. Gutierrez

APG:eab

**Exhibit "A"**

**U.S. Postal Service**
**CERTIFIED MAIL₁ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Postage | $ 000.00

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees  | $ 6.69

02 1P
00031.06658
MAILED FROM ZIP CODE 93003

JUN 17 2014
Postmark
Here

Sent To
Labor and Workforce Development Agency
Attn: PAGA Administrator
City, 6455 Golden Gate Ave.,9th FL, San Francisco, CA 94102

7006 0810 0000 6644 9524

PS Form 3800, June 2012         See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

Labor and Workforce Development Agency
Attn: PAGA Administrator
455 Golden Gate Ave.,9th FL, San Francisco, CA 94102

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☑ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
(Transfer from service label)     7006 0810 0000 6644 9524

PS Form 3811, February 2004      Domestic Return Receipt      **Exhibit "A"** 102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

☒ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
☒ Print your name and address on the reverse
  so that we can return the card to you.
☒ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Douglas M. Baker, Jr.,
Chief Executive Officer
Ecolab, Inc.

370 Wabasha Street North
St. Paul, MN 55102

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7006 0810 0000 6644 9531

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL    RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

$ 000.00

02 1P      0003109658      JUN 17 2014
MAILED FROM ZIP CODE 93003

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Postmark
Here

Total Postage & Fees   $6.69

Sent To
Douglas M. Baker, Jr.,
Street, Apt. No.;   Chief Executive Officer
or PO Box No.   Ecolab, Inc.
City, State, ZIP+4   370 Wabasha Street North
St. Paul, MN 55102

7006 0810 0000 6644 9531

**Exhibit "A"**

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Hathaway, Perrett, Webster, Powers, Chrisman & Gutierrez
A Professional Corporation
5450 Telegraph Road, Suite 200 - P.O. Box 3577
Ventura, CA  93006

35777 AP6  36 38

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ▣ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>▣ Print your name and address on the reverse so that we can return the card to you.<br>▣ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Bill Macarana_  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>B. Macarana  6/20/14 |
| 1. Article Addressed to:<br><br>Labor and Workforce Development Agency<br>Attn: PAGA Administrator<br>455 Golden Gate Ave., 9th Fl., San Francisco, CA 94102 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☒ No<br><br>3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☒ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7006 0810 0000 6644 9524 |
| PS Form 3811, February 2004 | Domestic Return Receipt  102595-02-M-1540 |

**Exhibit "A"**



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

Douglas K. Baker, Jr.,
Chief Executive Officer
Ecolab, Inc.
370 Wabasha Street North
St. Paul, MN 55102

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    □ Agent
                                     □ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   □ Certified Mail    □ Express Mail
   □ Registered        □ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
   (Transfer from service label)

7006 0810 0000 6644 9531

PS Form 3811, February 2004    Domestic Return Receipt

UNITED STATES POSTAL SERVICE
                                    First-Class Mail
                                    Postage & Fees Paid
                                    USPS
                                    Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Hathaway, Perrett, Webster, Powers, Chrisman & Gutierrez
A Professional Corporation
5450 Telegraph Road, Suite 200 - P.O. Box 3577
Ventura, CA 93006

APG 36281/4178

**Exhibit "A"**

*Exhibit C*

*ECOLAB* INC.
9/16
2:35pm

**ATTACHMENT CV-5012**

## CIVIL LAWSUIT NOTICE
*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER: **1 1 4 C V 2 6 6 1 2 5**

| **PLEASE READ THIS ENTIRE FORM** |
|---|

_**PLAINTIFF**_ (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

_**DEFENDANT**_ (The person sued):  **You must do each of the following to protect your rights:**

1.  You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2.  You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3.  You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions,
you may automatically lose this case.**

---

_**RULES AND FORMS:**_  You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

_**CASE MANAGEMENT CONFERENCE (CMC):**_  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

| |
|---|
| *Your Case Management Judge is:* **William Elfving** _____ *Department:* ____**3**____ |
| *The 1st CMC is scheduled for:* (Completed by Clerk of Court)<br>        Date: _____**SEP 3 0 2014**_____  *Time:* **2:15pm** __ in Department: **3** _____ |
| *The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)<br>        Date: _____  *Time:* _____ in Department: _____ |

_**ALTERNATIVE DISPUTE RESOLUTION (ADR):**_  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_**WARNING:**_ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

*Exhibit D*

1   RICHARD H. RAHM, Bar No. 130728
    rrahm@littler.com
2   ANGELA J. RAFOTH, Bar No. 241966
    arafoth@littler.com
3   ALEXIS A. SOHRAKOFF, Bar No. 273410
    asohrakoff@littler.com
4   LITTLER MENDELSON, P.C.
    650 California Street
5   20th Floor
    San Francisco, California  94108.2693
6   Telephone:   415.433.1940
    Facsimile:   415.399.8490
7
    JODY A. LANDRY, Bar No. 125743
8   jlandry@littler.com
    LITTLER MENDELSON, P.C.
9   501 W. Broadway
    Suite 900
10  San Diego, California  92101.3577
    Telephone:   619.232.0441
11  Facsimile:   619.232.4302

12  Attorneys for Defendant
    ECOLAB, INC.
13

14              SUPERIOR COURT OF CALIFORNIA

15                 COUNTY OF SANTA CLARA

16

17  JOHN MARTINO, an individual, for        Case No.  114CV266125
    himself and those similarly situated;
18  ADONIS AMOROSO, an individual, for
    himself and those similarly situated; and
19  ROES 1 through 30,000 and the proposed   **ECOLAB'S ANSWER TO PLAINTIFFS'**
    Class,                                    **FIRST AMENDED CLASS ACTION**
20                                            **COMPLAINT**
               Plaintiff,
21
          v.
22
    ECOLAB, INC., a Delaware Corporation;
23  and DOES 1 through 100, inclusive,        First Amend Complaint Filed:  August 21, 2014

24             Defendant.

25

26

27

28

TLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

                                             Case No.  114CV266125
    ECOLAB'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

1    Defendant ECOLAB, INC., ("Ecolab") hereby answers the unverified First Amended

2  Class Action Complaint ("FAC"), filed by Plaintiffs John Martino and Adonis Amoroso

3  ("Plaintiffs") in the above-referenced action as follows:

4                            **GENERAL DENIAL**

5    Pursuant to the provisions of the California Code of Civil Procedure

6  section 431.30(d), Ecolab denies generally and specifically each and every allegation contained in

7  the FAC.  In addition, Ecolab denies Plaintiffs have sustained, or will sustain, any loss or damage in

8  the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct

9  or absence thereof on the part of Ecolab.

10                    **AFFIRMATIVE AND OTHER DEFENSES**

11    Without admitting any of the allegations of the FAC and without admitting or

12  acknowledging that Ecolab bears any burden of proof as to any of them, Ecolab asserts the following

13  additional defenses, which it designates as "affirmative defenses."  Ecolab intends to rely upon any

14  additional defenses that become available or apparent during pretrial proceedings and discovery in

15  this action and hereby reserves the right to amend this Answer to assert all such further defenses.

16                     **FIRST AFFIRMATIVE DEFENSE**
17                         (Failure to State a Claim)

18    1.    As a separate and distinct affirmative defense, Ecolab alleges that the FAC, and

19  each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of

20  action upon which relief can be granted.

21                    **SECOND AFFIRMATIVE DEFENSE**
22              (Class Action – Certification Prerequisites)

23    2.    As a separate and distinct affirmative defense, Ecolab alleges that Plaintiffs

24  cannot satisfy the prerequisites for class certification and therefore cannot represent the interest of

25  others.

26                     **THIRD AFFIRMATIVE DEFENSE**
                         (Class Action – Standing)
27

28    3.    As a separate and distinct affirmative defense, Ecolab alleges that Plaintiffs lack

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1.                              Case No.  114CV266125

ECOLAB'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

1    standing to assert the legal rights or interests of others.

2

### FOURTH AFFIRMATIVE DEFENSE
(Class Action – Lack of Predominance)

3

4            4.    As a separate and distinct affirmative defense, Ecolab alleges that the types of

5    claims alleged by Plaintiffs on behalf of themselves and/or the alleged putative group they purport to

6    represent are matters in which individual questions dominate and thus are not appropriate for class

7    treatment.

8

### FIFTH AFFIRMATIVE DEFENSE
(Class Action – Lack of Commonality)

9

10          5.    As a separate and distinct affirmative defense, Ecolab allege that Plaintiffs are

11    not similarly situated to other potential members of the alleged putative group they purport to

12    represent and thus are inadequate representatives of the alleged putative group.

13

### SIXTH AFFIRMATIVE DEFENSE
(Class Action – Lack of Typicality)

14

15          6.    As a separate and distinct affirmative defense, Ecolab alleges that certain

16    interests of the alleged putative group are in conflict with the interests of all or certain subgroups of

17    the members of the putative group

18

### SEVENTH AFFIRMATIVE DEFENSE
(Class Action – Lack of Superiority)

19

20          7.    As a separate and distinct affirmative defense, Ecolab alleges that Plaintiffs

21    have not shown and cannot show that class treatment of the purported causes of action in their FAC

22    is superior to other methods of adjudicating the controversy.

23

### EIGHTH AFFIRMATIVE DEFENSE
(Class Action – Lack of Manageability)

24

25          8.    As a separate and distinct affirmative defense, Ecolab alleges that the FAC and

26    each purported cause of action alleged therein, cannot proceed as a purported class or collective

27    action because of difficulties likely to be encountered that render the action unmanageable.

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

## NINTH AFFIRMATIVE DEFENSE
(Class Action – Violation of Due Process)

9.   As a separate and distinct affirmative defense, Ecolab alleges that certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of the Ecolab's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.  Ecolab reserves the right to amend its answer upon further investigation and discovery of facts supporting this defense.

## TENTH AFFIRMATIVE DEFENSE
(Labor Code §§ 515, 1171, IWC Orders – Exemption from Overtime)

10.   As a separate and distinct affirmative defense, Ecolab alleges that Plaintiffs and putative class members were properly classified as exempt employees under Labor Code sections 515 and 1171, and the applicable Wage Orders of the Industrial Welfare Commission, which include, but are not limited to, the outside sales exemption, the commissioned sales exemption, and the administrative exemption.

## ELEVENTH AFFIRMATIVE DEFENSE
(Failure to Work Overtime – Defense to Overtime)

11.   As a separate and distinct affirmative defense, Ecolab alleges that, even Plaintiffs and putative class members perform non-exempt tasks the majority of their time, they did not work more than eight hours in a day or forty hours in a week.

## TWELFTH AFFIRMATIVE DEFENSE
(Failure to Perform to Expectations – Exemption from Overtime)

12.   As a separate and distinct affirmative defense, Ecolab alleges that Plaintiffs and putative class members were properly classified as exempt employees, and any failure of Plaintiffs not to spend more than fifty percent of their time engaged in exempt duties is a result of them not performing to Ecolab's reasonable expectations of the position.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

3.

Case No.  114CV266125

ECOLAB'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

### THIRTEENTH AFFIRMATIVE DEFENSE
(Labor Code § 227.3 – All Accrued Vacation Time Paid)

13.   As a separate and distinct affirmative defense, Ecolab alleges that Plaintiffs and putative class members were paid all accrued, unpaid overtime at the time of their separation from Ecolab.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Labor Code §§ 201, 202, 203 – Payment of All Wages)

14.   As a separate and distinct affirmative defense, Ecolab alleges that it paid all wages due and owing at the time of Plaintiffs' and putative class members' separation from Ecolab.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Labor Code §§ 201, 202, 203 – Good Faith)

15.   As a separate and distinct affirmative defense, Ecolab alleges that to the extent that Plaintiffs and putative class members were not paid all wages at the time of their separation from Ecolab, there is a good faith dispute as to any amount Plaintiffs claimed was owed to them at the time of their separation from Ecolab.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Labor Code §§ 1171, 226(e) – Outside Salesperson Exemption)

16.   As a separate and distinct affirmative defense, Ecolab alleges that Plaintiffs and putative class members were properly classified as exempt employees, and, therefore, Ecolab was not obligated to provide Plaintiffs and putative class members with "wage statements."

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Labor Code § 226(e) – No Violation)

17.   As a separate and distinct affirmative defense, Ecolab alleges that, even assuming *arguendo* Plaintiffs and putative class members were entitled to receive wage statements, Ecolab's wage statements complied with Labor Code section 226(a).

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Labor Code § 226(e) – No Injury)

18.   As a separate and distinct affirmative defense, Ecolab alleges that, even

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

assuming *arguendo* Plaintiffs and putative class members were entitled to receive wage statements, Plaintiffs are not entitled to recover any damages or penalties because, pursuant to California Labor Code section 226(e), they did not suffer any injuries as a result.

### NINETEENTH AFFIRMATIVE DEFENSE
(Labor Code § 226(e) – No Willfulness)

19.   As a separate and distinct affirmative defense, Ecolab alleges that, even assuming *arguendo* Plaintiffs and putative class members were entitled to receive wage statements, Plaintiffs are not entitled to recover any damages or penalties because, pursuant to California Labor Code section 226(e), the non-compliance was not willful and inadvertent.

### TWENTIETH AFFIRMATIVE DEFENSE
(Labor Code § 226(e) – Substantial Compliance)

20.   As a separate and distinct affirmative defense, Ecolab alleges that, even assuming *arguendo* Plaintiffs and putative class members were entitled to receive wage statements, Plaintiffs are not entitled to recover any damages or penalties because Ecolab substantially complied with Labor Code section 226(a).

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(PAGA – Not Aggrieved Employees)

21.   As a separate and distinct affirmative defense, Ecolab alleges that Plaintiffs lack standing to bring claims for any civil penalties on behalf of others because they are not employees and, therefore, not "aggrieved employee[s]" pursuant to the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor Code section 2698 *et seq.*

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(PAGA – Failure to Exhaust)

22.   As a separate and distinct affirmative defense, Ecolab alleges that Plaintiffs failed to provide the Labor Workforce Development Agency ("LWDA") proper notification of the claims and/or the names of the "aggrieved employee[s]" on whose behalf they intend to seek penalties, pursuant to the PAGA.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

5.                                                            Case No.  114CV266125

ECOLAB'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

### TWENTY-THIRD AFFIRMATIVE DEFENSE
(PAGA – Failure to Identify)

23.    As a separate and distinct affirmative defense, Ecolab alleges that Plaintiffs have failed to identify any other allegedly "aggrieved employee[s]," as required by the PAGA.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
(PAGA – Determination of Penalties)

24.    As a separate and distinct affirmative defense, Ecolab alleges that the civil penalties that Plaintiffs seek pursuant to the PAGA cannot be determined on a class-wide or representative basis.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
(PAGA – Unjust Penalties)

25.    As a separate and distinct affirmative defense, Ecolab alleges that any penalties awarded against it pursuant to the PAGA would be unjust, arbitrary, oppressive or confiscatory.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
(PAGA – Substantial Compliance)

26.    As a separate and distinct affirmative defense, Ecolab alleges that to the extent that any non-compliance is found on the part of the Ecolab, it is not subject to PAGA civil penalties because Ecolab substantially complied with the law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
(PAGA – Constitutionality)

27.    As a separate and distinct affirmative defense, Ecolab alleges that the imposition of civil penalties pursuant to the PAGA is unconstitutional under the California and United States constitutions.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
(PAGA – Labor Code § 256 Penalties)

28.    As a separate and distinct affirmative defense, should Ecolab be found liable for any violation of Labor Code section 203, Ecolab alleges that Labor Code section 256 is not the applicable civil penalty provision for a violation of this statute.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

6.                                    Case No.  114CV266125

ECOLAB'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

### TWENTY-NINTH AFFIRMATIVE DEFENSE
(PAGA – Labor Code § 204)

29.   As a separate and distinct affirmative defense, Ecolab alleges that it paid Plaintiffs and the putative class member s their wages twice a month in compliance with Labor Code section 204.

### THIRTIETH AFFIRMATIVE DEFENSE
(PAGA – Labor Code § 204)

30.   As a separate and distinct affirmative defense, Ecolab alleges that, should Plaintiffs and the putative class members be owed wages, Labor Code section 204 does not provide a separate right to be paid the correct amount of wages.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
(PAGA – Labor Code § 219)

31.   As a separate and distinct affirmative defense, Ecolab alleges that it has never entered into any private agreement with Plaintiffs or the putative class member to circumvent the payment of their wages.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
(PAGA – Labor Code § 226.3)

32.   As a separate and distinct affirmative defense, Ecolab alleges that, should it be found that its wage statements do not comply with Labor Code section 226(a), the civil penalty provision in Labor Code section 226.3 applies only to a complete failure to issue wage statements, not merely non-compliant ones.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
(Bus. & Prof. Code § 17200 *et seq.* – No Violation)

33.   As a separate and affirmative defense, Ecolab alleges that its business practices were not "unfair," "unlawful," or "deceptive" within the meaning of California Business and Professions Code section 17200, *et seq*.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

7.                     Case No.  114CV266125
ECOLAB'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

1
2

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
(Bus. & Prof. Code § 17200 *et seq.* – Violates Due Process)

3

34.   As a separate and distinct affirmative defense, Ecolab alleges that the

4

prosecution of a representative action on behalf of the general public under California Business and

5

Professions Code section 17200, *et seq.*, as applied to the facts and circumstances of this case, would

6

constitute a denial of Ecolab's due process rights, both substantive and procedural, in violation of the

7

California Constitution and the Fourteenth Amendment to the United States Constitution.

8

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
(Bus. & Pro. Code §§ 17200 *et seq.* – No Injury)

9

10

35.   As a separate and distinct affirmative defense, Ecolab alleges that Plaintiffs and

11

the putative class members were properly classified as exempt employees and, for that reason, they

12

never suffered any injury such as to have standing to bring a cause of action pursuant to the Unfair

13

Competition Law, Business & Professions Code sections 17200, *et seq.*

14

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
(No Basis for Attorneys' Fees and Costs)

15

16

36.   As a separate and distinct affirmative defense, Ecolab alleges that Plaintiffs

17

failed to state facts sufficient to constitute a claim for which attorneys' fees and costs may be

18

awarded.

19

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

20

21

37.   As a separate and distinct affirmative defense, Ecolab alleges that each

22

purported cause of action set forth in the FAC is barred in whole or in part by the applicable

23

statute(s) of limitation, including without limitation, the three-year limitations period contained in

24

California Code of Civil Procedure section 338(a); the one-year limitations period governing

25

recovery of statutory penalties contained in California Code of Civil Procedure section 340(a);

26

and/or the four year limitations period found in Business and Professions Code section 17208.

27
28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE
(Prejudgment Interest)

38.    As a separate and distinct affirmative defense, Ecolab alleges that the FAC fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

## THIRTY-NINTH AFFIRMATIVE DEFENSE
(Equitable Defenses)

39.    As a separate and distinct affirmative defense, Ecolab alleges that Plaintiffs' claims are barred in whole or in part to the extent that they did not mitigate their damages, waived their claims, are estopped, barred by laches, or barred by unclean hands.

## ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES

40.    Ecolab presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses or affirmative defenses in the event discovery indicates such defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Ecolab prays for relief as follows:

1.    That Plaintiffs take nothing and that the FAC be dismissed in its entirety with prejudice;

2.    That judgment be entered in favor of Ecolab;

3.    That Ecolab be awarded its attorney fees and costs of suit here in accordance with Labor Code section 218.5; and

///
///
///
///
///
///

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

9.

Case No.  114CV266125

ECOLAB'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

4.      That Ecolab be awarded such other and further relief as the Court deems just

and proper.


Dated: September 25, 2014

_____
RICHARD H. RAHM
LITTLER MENDELSON, P.C.
Attorneys for Defendant
ECOLAB INC.

Firmwide:128864540.1 057118.1183

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

10.                                    Case No.  114CV266125

ECOLAB'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

POS-040

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jody A. Landry, Bar No. 125743 Richard H. Rahm, Bar No. 130728<br>LITTLER MENDELSON, P.C.<br>650 California Street, 20th Floor<br>San Francisco, CA 94108<br>   TELEPHONE NO.: 415.433.1940      FAX NO. *(Optional):* 415.399.8490<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Defendant ECOLAB, Inc. | FOR COURT USE ONLY<br><br>ENDORSED<br>2014 SEP 25  P 1: 33<br>David H. Yamasaki, Clerk of the Superior Court<br>County of Santa Clara, California<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose  95113
BRANCH NAME: Downtown Superior Court

PLAINTIFF/PETITIONER: JOHN MARTINO, et al.

DEFENDANT/RESPONDENT: ECOLAB, INC.

| PROOF OF SERVICE—CIVIL | CASE NUMBER:<br>114-CV-266125 |
|---|---|
| **Check method of service** *(only one):*<br>☐ By Personal Service   ☒ By Mail   ☐ By Overnight Delivery<br>☐ By Messenger Service   ☐ By Fax   ☐ By Electronic Service | JUDGE: Hon. William Elfving<br>DEPT.: 3 |

*(Do not use this proof of service to show service of a Summons and complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:
   Littler Mendelson, P.C., 650 California Street, 20th Floor, San Francisco, CA 94108

3. ☐   The fax number or electronic service address from which I served the documents is *(complete if service was by fax or electronic service):*

4. On *(date):* September 25, 2014   I served the following **documents** *(specify):*
   **ECOLAB'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

   ☐   The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served: *See Attachment to Proof of Service - Civil (Persons Served)(form POS-040)*
   b. ☒   *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:
      *See Attachment to Proof of Service - Civil (Persons Served)(form POS-040)*

   c. ☐   *(Complete if service was by fax or electronic service.)*
      (1)  Fax number or electronic service address where person was served:

      (2)  Time of service:

   ☒   The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):* U.S.P.S.
   a. ☐   **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-040 [Rev. July 1, 2011] | PROOF OF SERVICE—CIVIL<br>(Proof of Service) | Code of Civil Procedure., §§ 1010.6, 1011, 1013, 1013a,<br>2015.5; Cal. Rules of Court, rules 2.260, 2.306<br>www.courts.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040

| CASE NAME Martino, et al. v. Ecolab, Inc. | CASE NUMBER: 114-CV-266125 |
| --- | --- |

6. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

    (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* San Francisco, California

c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☐ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in item 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 25, 2014

David Casey
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

## DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

Page 2 of 3

POS-040 [Rev. July 1, 2011]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

American LegalNet, Inc.
www.FormsWorkFlow.com

**POS-040(P)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Martino, et al. v. Ecolab, Inc. | 114-CV-266125 |

## ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)

*(This attachment is for use with form POS-040.)*

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| Name of Person Served | Where Served | Time of Service |
|---|---|---|
| *(If the person served is an attorney, the party or parties represented should also be stated.)* | *(Provide business or residential address where service was made by personal service, mail, overnight delivery, or messenger service. For other means of service, provide fax number or electronic service address, as applicable.)* | *(Complete for service by fax transmission or electronic service.)* |
| Alejandro P. Gutierrez | HATHAWAY, PERRETT, WEBSTER, POWERS, CHRISMAN & GUTIERREZ<br>200 Hathaway Building<br>5450 Telegraph Road<br>Post Office Box 3577<br>Ventura, CA 93006-3577 | Time: _____ |
| Daniel J. Palay<br>Michael A. Strauss | PALAY LAW FIRM<br>121 N. Fir Street, Suite F<br>Ventura, CA 93001 | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)**
**(Proof of Service)**

Page _____ of _____

*www.courts.ca.gov*



American LegalNet, Inc.
www.FormsWorkFlow.com