**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOHN MARTINO, an individual, for himself and those similarly situated; ADONIS AMOROSO, an individual, for himself and those similarly situated; and ROES 1 through 30,000 and the proposed Class,<br><br>Plaintiffs,<br><br>     vs.<br><br>ECOLAB INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>     Defendants. | CASE NO: 5:14-cv-04358-VC<br><br>CLASS ACTION<br><br>*Assigned to Judge Vince Chhabria*<br><br>**CLASS ACTION**<br><br>**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE** |

Subject to the approval of the Court, this Joint Stipulation of Class Settlement and Release ("Settlement") is made and entered into by and between Plaintiffs John Martino and Adonis Amoroso ("Named Plaintiffs"), individually and as class representatives of the Class Members, as defined below, (collectively, the "Class"), on the one hand, and Defendant Ecolab Inc., including its officer, directors, shareholders, managing agents, representatives, attorneys, successors, assigns, predecessors, successors, affiliates, parents, subsidiaries, and related companies (collectively "Ecolab"), on the other hand. The Class and Ecolab are jointly referred to in this Settlement as the "Settling Parties."

**DEFINITIONS**

In addition to the other terms defined elsewhere in this Settlement, the terms below have the following meanings in this Settlement:

## I.    DEFINITIONS

A.    "Action" means the civil action entitled *John Martino, et al v. Ecolab Inc.*, Northern District of California Case Number 5:14-cv-04358-PSG, which was commenced on June 4, 2014 in the Superior Court of California, County of Santa Clara, originally Santa Clara County Case No. 114 CV 266125, and later removed to the U.S. District Court for the Northern District of California (hereinafter the "Court"), pursuant to the Class Action Fairness Act of 2005 (28 U.S.C. §§ 1332, 1441, and 1453).

B.    "Claims Administration Costs" means all fees and costs owed to the Claims Administrator in connection with administering the class settlement in this Action under the terms of this Settlement.

C.    "Claims Administrator" means the third-party administrator appointed by the Court to administer the class action settlement of this Action under the terms of this Settlement.  CPT Group shall serve as the Claims Administrator, subject to the Court's approval.

D.    "Class Counsel" means the law firms of Hathaway, Perrett, Webster, Powers, Chrisman & Gutierrez and Strauss & Palay, APC.

E.    "Class Counsel Fees and Expenses" means the total amount of attorneys' fees, litigation costs, and expenses awarded to Class Counsel by the Court to compensate them for their representation of the Class in this Action, including their pre-filing investigation, their filing of the Action, all related litigation activities including discovery, the motion for class certification and summary judgment, this Settlement, and all post-Settlement compliance procedures.

F.    "Class Members" means all current and former Territory Managers, and/or Hospitality Territory Managers (herein, the "TMs") employed by Defendant Ecolab Inc. in California at any time from June 4, 2010 to February 16, 2016, unless an individual opted out of the Action.  There are a total of 262 Class Members, including the Named Plaintiffs.

**G.**     "Class Period" shall mean the period of time from June 4, 2010 through October 15, 2016, or the date the Court grants final approval of the Settlement, whichever occurs first.

**H.**     "Class Representative Incentive Award" means the amounts awarded by the Court to each of the class representatives, plaintiffs John Martino and Adonis Amoroso.  Pursuant to the terms of this Settlement, incentive awards shall be requested in the amounts of up to and not to exceed: (1) $15,000 for John Martino; and (2) $15,000 for Adonis Amoroso.

**I.**     "Class Representatives" shall mean the current named plaintiffs, John Martino and Adonis Amoroso.

**J.**     "Compensable Weeks Worked" means for each Class Member the total number of weeks during the Class Period in which the Class Member performed work for Ecolab in California as a TM. "Compensable Weeks Worked" shall include all weeks for which Ecolab's payroll records reflect that a Class Member received any pay for work performed (*e.g.*, a Class Member who is on leave for an entire week does not receive "pay for work performed" during that period, regardless of whether the leave is paid).

**K.**     "Court" means the United States District Court, Northern District of California.

**L.**     "Ecolab's Counsel" means Jody A. Landry and John A. Ybarra, of Littler Mendelson, PC.

**M.**     "Effective Date" means the date by which all of the following have occurred:

    1.     The Court has finally approved the Settlement and entered Judgment thereon;

    2.     The Court issues an order dismissing the Action; and

    3.     The Judgment has become Final, as defined herein below.

**N.**     "Final" means that the Settlement has been finally approved by the Court without material modification and either: (i) the applicable date for seeking appellate review of the Court's final approval of the Settlement has passed without a timely appeal or request for review having been made; or (ii) if an appeal, review or writ is sought from the final judgment (including an appeal by Class Counsel of any fee reduction), the day after the judgment is affirmed or the appeal, review or writ is dismissed or denied, and the judgment is no longer subject to further judicial review.

1   **O.**      "Final Approval Hearing" means the hearing to be conducted by the Court to

2   determine whether to finally approve and implement the terms of this Settlement.

3   **P.**      "Gross Maximum Settlement Amount" is the total maximum potential monetary

4   value of the settlement payable by Ecolab as provided herein, which is Twenty-One Million Dollars

5   ($21,000,000.00).   The Gross Settlement Amount is inclusive of all payments to Class Members

6   under the terms of this Settlement, Class Counsel Fees (up to and not to exceed $6,300,000 or 30%

7   of the Gross Settlement Amount) and Expenses (not to exceed $50,000) awarded by the Court, the

8   Class Representative Incentive Award (in the discrete amounts stated hereinabove in paragraph "H")

9   approved by the Court, Claims Administration Costs (not to exceed $15,000), and the LWDA

10  Payment defined below.

11  **Q.**      "Judgment" means the judgment entered by the Court after it grants final approval

12  of this Settlement.

13  **R.**      "Net Settlement Amount" means the Gross Maximum Settlement Amount less Class

14  Counsel Fees (up to and not to exceed 30% of the Gross Settlement Amount) and Expenses (not to

15  exceed $50,000) approved by the Court, the Class Representatives' Incentive Award (up to $30,000

16  total for both of the named plaintiffs identified in paragraph "H," above) approved by the Court, the

17  LWDA Payment defined below, the Claims Administration Costs (not to exceed $15,000).

18  **S.**      "Preliminary Approval of the Settlement" means the Court's preliminary approval of

19  the Settlement.

20  **T.**      "Settlement Share" means the amount of each Class Member's share of the Net

21  Settlement Amount, as determined in accordance with the terms of this Settlement.

22  **U.**      "Weekly Payout Amount" means, and is calculated by, the Net Settlement Amount

23  divided by the number of work weeks worked by all Class Members during the Class Period.

24  **II.**   **RECITALS**

25  **A.**      On June 4, 2014 John Martino and Adonis Amoroso filed a class action complaint

26  against Ecolab Inc. in the Superior Court of California, County of Santa Clara.   The Complaint

27  alleged violations of California's overtime laws, wage statement laws, and unfair business practices

28  based on a number of alleged violations of the California Labor Code.   The action, by way of

amendment, subsequently included a claim for penalties under the Private Attorney General Act ("PAGA"). The action was removed to the United States District Court for the Northern District of California, San Jose Division, on or about September 26, 2014.

    **B.**    Class Counsel filed a motion for class certification on July 15, 2015, which was opposed by Ecolab. The District Court granted the motion for class certification on February 16, 2016. Soon thereafter notice went out to the TMs that met the class definition and they were provided with the opportunity to opt-out. After that process was completed there were 262 Class Members.

    **C.**    On May 9, 2016 the Settling Parties attended mediation with Hunter R. Hughes III, a nationally distinguished labor and employment mediator. After lengthy negotiations during which the Class, represented by their counsel, and Ecolab, represented by its counsel, recognized the burdens and risk of continuing with the litigation, the Parties reached an agreement to settle and resolve all claims alleged in the operative Complaint or which could have been alleged based on the allegations in the Complaint. At the mediation, the Settling Parties agreed to certain materials terms of a settlement agreement, which were set forth in a term sheet and signed by representatives for the Parties ("Settlement Terms"). This Settlement supersedes the Settlement Terms that the Settling Parties signed on May 9, 2016. Said document has no further force and effect once this Settlement is signed.

    **D.**    This Settlement represents a compromise and settlement of highly disputed claims. Nothing in the Settlement is intended, or may be construed, as an admission by Ecolab that any of the claims alleged in the Action have merit, or that Ecolab bears any liability to the Class Members on those claims, nor as an admission by the Class Members that Ecolab's defenses in the Action have merit. Ecolab asserts that Territory Managers and Hospitality Territory Managers should not be treated as hourly employees, but instead are properly paid on a salary plus commission basis, and are therefore properly exempt from and not entitled to overtime, and are not owed any overtime wage or penalties.

    Based on these Recitals, the Settling Parties hereby agree as follows.

1    **III.    SETTLEMENT TERMS AND CONDITIONS**

2        **A.    Gross Maximum Settlement Amount.**  In order to settle the claims in this Action,

3    Ecolab agrees to pay a maximum gross sum of Twenty-One Million Dollars ($21,000,000.00). This

4    Gross Maximum Settlement Amount is inclusive of: all payments to Class Members under the terms

5    of this Settlement; PAGA Penalties ($100,000); Class Counsel Fees (up to and not to exceed

6    $6,300,000.00 or 30% of the Gross Settlement Amount) and Expenses (not to exceed $50,000)

7    awarded by the Court; the Class Representative Incentive Awards (collectively, up to $30,000

8    distributed as set forth in Definitions paragraph "H") approved by the Court; Claims Administration

9    Costs (not to exceed $15,000); and all federal, state and local taxes (employee side). In addition to

10   the Gross Settlement Amount, Ecolab agrees to pay its share of any taxes owed for wages paid to the

11   Class Members (employer's share of FICA). No other amounts will be paid by Ecolab to the Class

12   or their counsel.

13       **B.    Class Counsel Fees And Expenses.**  Ecolab and their counsel will not oppose the

14   application to the Court by the Class for an award of Class Counsel Fees and Expenses consisting of:

15   (1) up to 30% ($6,300,000.00) of the Gross Maximum Settlement Amount for attorneys' fees; and

16   (2) up to Fifty Thousand Dollars ($50,000.00) for reimbursement of Class Counsel's costs. Class

17   Members and Class Counsel shall not seek payment of attorneys' fees or reimbursement of costs or

18   expenses except as set forth herein. The award of such Class Counsel Fees and Expenses will be

19   paid from the Gross Maximum Settlement Amount. Ecolab (or the Claims Administrator) will issue

20   an IRS Form 1099 to Class Counsel with respect to the attorneys' fees and costs awarded to them.

21   Ecolab agrees not to oppose a motion for attorney's fees or a bill of costs for the aforementioned

22   amount should not be construed as approval or endorsement by Ecolab of the amount sought.

23   Whatever attorney's fees and costs the Court approves shall be paid from the Gross Maximum

24   Settlement Amount. Should the Court approve less than the amount of fees and costs requested by

25   Class Counsel, and Class Representative chooses not to appeal that decision, the difference shall be

26   included in the Net Settlement Amount. However, if Class Counsel and/or the Class files a timely

27   appeal regarding the amount of Class Counsel Fees and Costs approved by the Court, Ecolab shall

28   not be required to fund any portion of the Gross Maximum Settlement Amount, and the Claims

1     Administrator shall not distribute or pay any monies, until such appeal has been finally resolved or

2     dismissed with prejudice.

3          **C.**     **LWDA Payment.**    Of the Maximum Settlement Amount, $100,000.00 shall be

4     deemed payment for the State of California Labor Workforce Development Agency ("LWDA")

5     share of PAGA Penalties, all of which will be payable out of the Gross Maximum Settlement

6     Amount. This payment represents the 75% amount allocated to PAGA Penalties that will be paid to

7     the LWDA. The remaining 25% is included in the Net Settlement Amount.

8          **D.**     **Class Representative Incentive Awards.**

9          1.     Class Counsel will request, and Ecolab will not oppose, payment of an incentive

10     award to each of the two named plaintiffs in the Action, up to and not to exceed Fifteen Thousand

11     Dollars ($15,000.00) to each. Pursuant to the terms of this Settlement, incentive awards shall be

12     requested in the amounts of: (1) $15,000 for John Martino; and (2) $15,000 for Adonis Amoroso.

13     The incentive award to each named plaintiff is intended as reasonable additional compensation for

14     the time and effort expended by each of them in connection with the initiation and maintenance of

15     this Action. The Class Representative Incentive Awards will be paid from the Gross Maximum

16     Settlement Amount, and is in addition to whatever payment the named plaintiffs are otherwise

17     entitled to as a Class Member. The Class Representative Incentive Awards will be reported to the

18     taxing authorities by means of an IRS Form 1099. The amount(s) of the Class Representative

19     Incentive Awards is left to and within the Court's sole discretion. Ecolab agrees not to oppose an

20     application for the Class Representative Incentive Awards; however, that should not be construed as

21     approval or endorsement by Ecolab of the amount sought. Whatever Class Representative Incentive

22     Award(s) the Court orders shall be paid from the Gross Maximum Settlement Amount. Should the

23     Court approve less than the amount of the Class Representative Incentive Awards requested, or not

24     at all, the difference shall be included in the Net Settlement Amount. The Parties agree that the

25     approval, and amount, of any incentive awards in this Action shall be in the Court's sole discretion

26     and not subject to any appeal by the named plaintiffs who are the intended recipients of any

27     approved Class Representative Incentive Awards. This Settlement is not contingent on the Named

28     Plaintiffs' receipt of any incentive award out of the Settlement Amount.

2.     The Class Representatives acknowledge and agree that Ecolab and its attorneys have made no representations or warranties regarding the tax consequences of payment of the Incentive Award, and Class Representatives have not relied on any such representations or warranties.  Class Representatives further agree to pay and bear sole responsibility for all taxes, liens, levies, encumbrances, interest, and penalties that may be due or payable to any taxing authority as a result of payment of the Incentive Award.  Furthermore, Class Representatives agree to defend and indemnify Ecolab in connection with any taxes, fines interest or penalties incurred as a result of any failure by Class Representatives to pay taxes due, if any, on the Incentive Award paid pursuant to this Agreement.

**E.     Claims Administration Costs.**  The parties agree that CPT Group, Inc. ("CPT") will act as the Claims Administrator in this matter.  Class Counsel has or will obtain a "not to exceed" quote from CPT.  The "not to exceed" quote will represent the Claims Administrator's agreement that, based on the class size and distributions under the terms of this Settlement, the costs for administration of the terms of this Settlement will not exceed a specified monetary amount.  All of the Claims Administration Costs shall be paid from the Gross Settlement Amount upon completion of all duties required to be performed by the Claims Administrator under the terms of this Settlement, or as otherwise required by the Court, subject to the "not to exceed" quote from the agreed upon Claims Administrator.

**F.     Settlement Shares.**  After deducting the Class Counsel Fees and Expenses, the Class Representative Incentive Awards, the LWDA Payment, and the Claims Administration Expenses, the remainder of the Gross Maximum Settlement Amount (the "Net Settlement Amount") will be divided and distributed to Class as follows:

1.     <u>Payment To Class Members.</u>

The amount that each Class Member will be eligible to receive under the Settlement will be determined by converting the Net Settlement Amount into a weekly value.  The weekly value will be established by dividing the Net Settlement Amount by all full workweeks worked by the 262 members of the Class as a TM.  The weeks worked during the class period will be derived from the hire and termination dates and payroll data in Ecolab's records to be supplied to the Administrator.

1    Leave of absence weeks will be excluded.

2        The gross settlement award for each Class Member will be determined by multiplying the

3    weekly value by the number of weeks they individually worked during the class period.

4        The gross settlement award will be apportioned as follows: 50% as wages and 50% for

5    interest, penalties and any other claims damages.   The amounts paid as wages (the "Wage

6    Component") shall be subject to all tax withholdings customarily made from employee's wages and

7    all other authorized and required withholdings and shall be reported by W-2 forms.  Payment of all

8    amounts will be made subject to backup withholding unless a duly executed W-9 form is received

9    from the payee(s).  The amounts paid as penalties and interest shall be subject to all authorized and

10   required withholdings other than the tax withholdings customarily made from employees' wages and

11   shall be reported by IRS 1099 forms.

12       Ecolab shall be responsible for paying the employer side share of any taxes owed on the

13   wage component.  The Administrator is responsible to calculate and notify Ecolab of the amount it

14   must pay to cover these taxes.

15       2.    Distributions.

16       Within five (5) business days of the Effective Date, the Claims Administrator will notify

17   Class Counsel and Ecolab's Counsel of the account where Ecolab shall wire the Gross Settlement

18   Amount, plus the amount Ecolab must pay to cover the employer's share of taxes on the Gross Wage

19   Component of the Settlement.

20       a.    Ecolab shall wire said amounts within ten (10) business days of receiving notice.

21       b.    The Claims Administrator will distribute checks to Class Members (for their

22   Settlement Awards), to the LWDA (for PAGA penalties), to the Named Plaintiffs (for the Class

23   Representative Incentive Award approved by the Court, along with their respective Settlement

24   Awards), and to Class Counsel (for the Class Counsel Fees and Expenses approved by the Court)

25   within five (5) business days of receipt of payment from Ecolab pursuant to this Paragraph.

26       c.    Settlement checks issued to Class Members will expire one hundred and twenty (120)

27   days from the date they are issued by the Claims Administrator.  Any check not cashed within 120

28   calendar days will be void.  Within 30 days after the check stale date the money from the uncashed

1    checks shall escheat to the State of California Unclaimed Wages fund, in the name of the Class

2    Member.

3        4.    Taxes. The Claims Administrator will issue a W-2 Form to each Class Member for

4    the Wage Component of each Class Member's Individual Gross Settlement Amount made under the

5    Settlement Agreement, a 1099 form to each Participating Class Member for the Class Member's

6    Penalty/Interest Payment, a 1099 Form to the Named Plaintiffs for the Class Representative

7    Incentive Award, a 1099 Form to Class Counsel for the Class Counsel Fees and Expenses, and a

8    1099 Form to the Claims Administrator for all Claims Administration Costs. All Class Members

9    covered by this Settlement agree that they are not relying on any representations regarding the tax

10   allocation or treatment of any amounts paid to them under the terms of this Settlement and agree to

11   hold Ecolab harmless for any and all tax consequences relating to the allocation of the payments

12   made under this Settlement.

13       **G.    Payments To Class Do Not Trigger Additional or Derivative Payments.** It is

14   expressly understood and agreed that the receipt of settlement payments will not entitle any Class

15   Member to additional or derivative compensation or benefits under any company bonus, contest or

16   other compensation or benefit plan or agreement in place during the period covered by the

17   Settlement, nor will it entitle any Class Member to any increased retirement, 401k benefits or

18   matching benefits, or deferred compensation benefits. It is the intent of this Settlement that the

19   settlement awards provided for in this Agreement are the sole payments to be made by Ecolab to the

20   Class Members, and that the Class Members are not entitled to any additional or derivative

21   compensation or benefits as a result of having received the settlement payments (notwithstanding

22   any contrary language or agreement in any benefit or compensation plan document that might have

23   been in effect during the period covered by this Settlement).

24       **H.    Motion For Preliminary Approval.**

25       1.    Class Counsel will file a joint or unopposed motion with the Court (the "Preliminary

26   Approval Motion") seeking an order approving the Settlement; setting a date for the Final Approval

27   Hearing; and approving the Notice of Settlement to the Class, Preliminary Approval of the Class

28   Settlement, and Final Approval Hearing (the "Class Notice") (in the form attached hereto as

1   "Exhibit A"), and the procedure for objecting to the Settlement. Ecolab's counsel will either jointly

2   file the Preliminary Approval motion with Class Counsel or, in the case of an unopposed motion,

3   agree to file a notice of non-opposition to the motion.

4         2.      At the hearing on the Preliminary Approval Motion, the Settling Parties will jointly

5   appear, and support the granting of the motion, and submit a Proposed Order Approving The

6   Settlement, Approving Notice to Class and Claim Form, and Setting Hearing for Final Approval of

7   Settlement (the "Proposed Order"). The Proposed Order to be submitted to the Court is attached

8   hereto as "Exhibit B."

9         3.      Should the Court, after a reasonable opportunity to cure and remedy any stated

10  deficiencies, ultimately decline to grant preliminarily approval of the Settlement as proposed by the

11  Parties, then the Settlement is terminated and the parties will revert to their respective positions.

12       **I.**      **Mailing Of Class Notice And Class Forms To Class Members.**

13        After the Court enters its order granting preliminary approval of the Settlement, all Class

14  Members will be provided with the Notice (completed to reflect the order granting preliminary

15  approval of the Settlement) by the Claims Administrator as follows:

16        1.      Within ten (10) calendar days after the Court grants preliminary approval of the

17  Settlement, Ecolab will provide to the Claims Administrator updated contact information for the 262

18  Class Members, including last known addresses and telephone numbers (if available in Ecolab's data

19  systems), Social Security numbers, the dates of hire and, if applicable, termination date for each

20  Class Member. The list of Class Members will be provided to Class Counsel to be used for no

21  purpose other than to monitor the settlement and to facilitate the Claims Administrator with

22  management of any updated address information. The data provided to the Claims Administrator,

23  and the list of Class Members provided to the Claims Administrator and Class Counsel, will be

24  treated as confidential and will not be disclosed to anyone, except as may be required to applicable

25  tax authorities, pursuant to Ecolab's express written consent, by order of the Court, or to carry out

26  the reasonable steps described in this Settlement to locate missing Class Members.

27        2.      Within ten (10) calendar days after receiving the Class Member information from

28  Ecolab, the Claims Administrator will mail the Class Notice (Exhibit A) to all identified Class

Members via first-class regular U.S. Mail, using the last known address information provided by Ecolab, unless such address is modified by any updated address information that the Claims Administrator obtains in the course of administration of the Settlement. Prior to completing this mailing, the Claims Administrator will perform a National Change of Address ("NCOA") search to confirm the validity of each listed Class Member's address.

3.    If any Class Notices are returned as undeliverable within thirty (30) calendar days of the mailing of the Class Notice with a forwarding address, the Claims Administrator shall have five (5) calendar days to re-mail the Class notice to the forwarding address. If any Class Notices are returned as undeliverable within thirty (30) calendar days of the mailing of the Class Notice without a forwarding address, the Settlement Administrator will have five (5) calendar days from receipt of the returned Class Notices to search for a more current address for the Class Member and to re-mail the Class Notice to the Class Member. This inquiry shall include a skip-trace search. The Claims Administrator will be responsible for taking all reasonable steps, consistent with its agreed upon job parameters, Court orders and fee, as agreed to with Class Counsel and according to the deadlines set forth in this Settlement, to trace the mailing address of any Class Member for whom a Class Notice is returned by the U.S. Postal Service as undeliverable. These reasonable steps will include, at a minimum, the tracking of all undelivered mail, performing an address search for all mail returned without a forwarding address, and promptly re-mailing the Class Notice and Claim Form to Class Members for whom new addresses are found. If the Class Notice is re-mailed, the Settlement Administrator will note for its own records the date and address of each such re-mailing and so notify Class Counsel and Ecolab's Counsel. The obligation to trace and resend returned Class Notices shall cease after two mailings or thirty (30) calendar days after the initial mailing, whichever occurs first. The time period to respond may not be extended on account of a returned or undeliverable mailing.

4.    The Claims Administrator shall provide weekly status reports to counsel for the Parties, including: (a) the number of Class Notices mailed; (b) the number of Claim Forms filed; (c) the number of objections filed; and (d) the number of Requests for Exclusion filed.

5.      No later than thirty (30) calendar days before the Final Approval Hearing, the Settlement Administrator will serve on Class Counsel and Ecolab's counsel, for filing with the Court in support of Plaintiff's motion for final approval of the Settlement, a declaration of due diligence setting forth its compliance with its obligations under this Settlement.

**J.      Objections To Settlement.**

Class Members may submit objections to the Settlement pursuant to the following procedures:

1.      The Class Notice will provide that Class Members who wish to object to the Settlement must file with the Court and serve on the Claims Administrator and Counsel for the Settling Parties, not later than forty-five (45) calendar days after the date that the Claims Administrator first mails the Class Notice ("Objection Deadline"), a written statement objecting to the Settlement and setting forth the grounds for the objection.  The written statement of objection must indicate whether the Class Member intends to appear and object to the Settlement at the Final Approval Hearing, and the failure to so indicate will constitute a waiver of the right to appear at the Final Approval Hearing.

2.      A Class Member who does not file and timely serve an objection in the manner and by the Objection Deadline specified above will be deemed to have waived all objections and will be foreclosed from making any objections to the Settlement, whether by appeal or otherwise.

3.      If a Class Member who has timely filed an objection to the Settlement files a Notice of Appeal of the judgment within the time period prescribed by law, Ecolab shall not be required to fund any portion of the Gross Maximum Settlement Amount, and the Claims Administrator shall not distribute or pay any monies until the appeal(s) are finally resolved in favor of the settlement or dismissed with prejudice.

**K.      Resolution of Class Member Disputes Over Compensable Weeks Worked.**

1.      If a Class Member disputes the number of Compensable Weeks Worked stated for that Class Member in the Claim Form, the Class Member must ask the Claims Administrator to resolve the matter by submitting in writing under penalty of perjury the number of Compensable Weeks Worked that the Class Member claims to have actually worked for Ecolab in California in a

1    covered position during the Class Period. Such Class Members also will be asked to submit all

2    supporting documentation they may have. If such a dispute arises, Ecolab will manually review its

3    payroll and personnel records to verify the correct number of Compensable Weeks Worked.

4    Ecolab's records shall have a rebuttable presumption of correctness.

5         2.    After consultation with Class Counsel and Counsel for Ecolab, the Claims

6    Administrator will make a determination of the Class Member's Compensable Weeks Worked. This

7    determination shall be final and binding on the Settling Parties and the Class Member unless a

8    request for review thereof is submitted by Class Counsel (on behalf of the affected Class Member) or

9    Counsel for Ecolab to the Court, which will make a final decision at the Final Approval Hearing, and

10    is non-appealable.

11         L.    **No Solicitation of Objections or Requests for Exclusion.** Neither the Settling

12    Parties nor their respective counsel or management will solicit or otherwise encourage any Class

13    Member, directly or indirectly, to object to the Settlement, or appeal from the Judgment.

14         M.    **Additional Briefing and Final Approval.**

15         1.    As soon as practicable following the deadline for the filing of claims, Class Counsel

16    will file with the Court a motion for final approval of the Settlement and a memorandum in support

17    of his motion, which Ecolab agrees it will not oppose so long as the motion is in all respects

18    consistent with the terms of this Settlement. While the notice period is pending, the Class Members

19    and Class Counsel will also move for an award of the Class Representative Incentive Award and

20    Class Counsel Fees and Expenses pursuant to and in accordance with the terms of this Settlement,

21    with a memorandum in support of their motion, which Ecolab agrees it will not oppose so long as

22    the motion is in all respects consistent with the terms of this Settlement.

23         2.    Not later than five (5) court days before the Final Approval Hearing, the Settling

24    Parties may file, jointly or separately, a reply in support of the motion for final approval of the

25    Settlement as may be necessary or helpful to the Court regarding the subject matter of the Final

26    Approval Hearing. In addition, the Settling Parties and Class Counsel may file replies in support of

27    the motions for the Class Representative Incentive Award and the Class Counsel Fees and Expenses

28    as may be necessary or helpful to the Court regarding the subject matter of the motions.

3.     Either Settling Party may terminate this Settlement by giving written notice to the other Settling Party (through its counsel) no later than twenty (20) calendar days after receiving notice that one of the following has occurred:  (i) the Court declines to enter the Preliminary Approval Order, the Final Approval Order or final judgment in substantially the form submitted by the Parties; (ii) the Settlement does not become final because of any appellate court action; or (iii) the Court's final approval of the Settlement is reversed or materially modified on appellate review.

4.     In the event termination of this Settlement is provided in accordance with the foregoing, this Settlement will become and shall be considered null and void, and it will have the following effects: (i) the Settling Parties will have no further obligations under the Settlement; (ii) Ecolab shall have no obligation to make any payments to any person, party, Class Member or attorney that otherwise would have been owed under this Settlement, except that Ecolab will pay the Claims Administrator's reasonable fees and expenses incurred as of the date that the Settlement is terminated; (iii) the Preliminary Approval Order, Final Approval Order and Judgment, including any order of class certification, shall be vacated; (iv) the Settlement and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions in the Action prior to the Settlement; and (v) neither this Settlement nor any ancillary documents, actions, statements or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the Action or any other case or proceeding for any purpose whatsoever.

5.     Upon final approval of the Settlement by the Court at or after the Final Approval Hearing, the Settling Parties will present a Final Judgment for the Court's approval and entry.  A copy of the Proposed Final Judgment is attached hereto as "Exhibit C."  After entry of the Final Judgment, the Court will have continuing jurisdiction over the Action and the Settlement solely for purposes of:  (i) enforcing this Settlement, (ii) addressing any claims administration matters that may arise; and (iii) addressing such post-Judgment matters as may be appropriate under court rules or applicable law.

6.     Ecolab shall promptly prepare a Notice of Settlement of Class Action in this matter, pursuant to the Class Action Fairness Act [28 U.S.C. § 1715] ("CAFA Notice").

1    **N.**    **Dispute Resolution.**  Any disputes not resolved by the Claims Administrator or the

2    Settling Parties will be resolved by the Court.  Before any such resort to the Court, counsel for the

3    Settling Parties will confer in good faith in an attempt to resolve the dispute.

4    **O.**    **Waiver of Right to Appeal.**  The Settling Parties agree to waive all appeals from the

5    Court's Final Approval of this Settlement, except that Class Counsel may appeal any reduction in the

6    Class Counsel Fees and Expenses.  However, any reduction in the Class Counsel Fees and Expenses,

7    and/or any reduction to the requested Class Representative Incentive Awards, does <u>not</u> constitute

8    grounds to terminate or void the Settlement.

9    **P.**    **Release of Claims.**

10    1.    <u>Release of Claims By Class Members.</u>  In exchange for the consideration,

11    undertakings, and covenants undertaken by Ecolab in this Settlement, all Class Members  will

12    release Ecolab, its present and former parent companies, subsidiaries, related or affiliated companies,

13    joint ventures, partners, shareholders, officers, directors, employees, agents, attorneys, insurance

14    carriers, successors and assigns, and any individual or entity which could be jointly liable with

15    Ecolab (all of whom are hereinafter referred to as "Released Parties"), from any and all claims,

16    debts, liabilities, demands, obligations, guarantees costs, expenses, attorneys' fees, damages, causes

17    of action and allegations of any nature, that were alleged or that could have been alleged in the

18    Complaint based on the facts alleged therein and that arose or could have arisen out of the facts

19    alleged therein, including the claims brought and the claims that could have been brought under state

20    or federal law in any forum, including, but not limited to, all claims for wages and related penalties

21    and benefits that were alleged in the Complaint and First Amended Complaint or which could have

22    been alleged under California law or the Fair Labor Standards Act ("FLSA") based on the facts

23    alleged therein, during the Class Period, as defined above, and up through the date of Preliminary

24    Approval of the settlement or October 15, 2016, whichever occurs first, including, without

25    limitation: (1) failure to pay minimum wage and/or overtime compensation for all hours worked; (2)

26    violation of the FLSA;  (3) meal and rest period violations; (4) penalties under the Private Attorney

27    General Act; (5) unfair competition in violation of Business and Professions Code §§ 17200 *et seq.*

28    based on the alleged violations  of the California Labor Code ; and (6) any other claim for penalties

1  (including but not limited to California Labor Code sections 201, 202, 203, 204, 210, 226, 226.3,

2  226.7, 510, 512, 558, 1174, 1194, 2699, et seq. or any applicable Wage Order), premium pay or

3  liquidated damages of any nature whatsoever, arising out of any conduct, events, or transactions

4  occurring during the Class Period, including without limitation, interest, attorneys' fees and costs

5  ("all of which are hereinafter referred to as "Released Claims"). On the back of each check issued to

6  Class Members there will be language that by cashing the check the Class Member understands and

7  agrees that s/he is releasing all Released Claims, including Claims under the Fair Labor Standards

8  Act.

9          As of the Effective Date, Named Plaintiffs and the Settlement Class release the Released

10  Parties from the Released Claims in exchange for the consideration provided by this Settlement. The

11  Named Plaintiffs may hereafter discover facts in addition to or different from those they now know

12  or believe to be true with respect to the subject matter of the Released Claims, but upon the Effective

13  Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and

14  forever settled and released any and all of the Released Claims, whether known or unknown,

15  suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed,

16  upon any theory of law or equity now existing, including, but not limited to, conduct that is

17  negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to

18  the subsequent discovery or existence of such different or additional facts.

19          2.      Claims Not Released By Class Members.  To the extent that any Participating Class

20  Member is also a member of the certified class in the case of *Ross v. Ecolab Inc.*, Northern District

21  of California Case No. 4:13-cv-05097-PJH, they do not release any such claims that have been

22  settled on their behalf in the *Ross* action.

23          3.      No DLSE/DOL Claims For Monetary Relief.  All Class Members shall be enjoined

24  from seeking any monetary relief/award by filing any claims with the Division of Labor Standards

25  and Enforcement or Department of Labor, or from initiating other proceedings regarding claims

26  released under this Settlement pending final approval of the Settlement by the Court.

27          4.      Complete And General Release By Martino And Amoroso.  In addition to the releases

28  of the claims enumerated above, including but not limited to the Released Claims, the named

1    plaintiffs and current Class Representatives John Martino and Adonis Amoroso hereby provide

2    Ecolab and all of the Released Parties a complete and general release of all known and unknown

3    claims, including but not limited to any claims arising out of their employment or, due to the ending

4    of their employment.   This complete and general release applies to any and all claims, without

5    limitation, against Ecolab and all of the Released Parties.   John Martino and Adonis Amoroso each

6    expressly acknowledge and waive all of the rights afforded to them under California Civil Code §

7    1542, which reads as follows: "A general release does not extend to claims which the creditor does

8    not know or suspect to exist in his or her favor at the time of executing the release, which if known

9    by him or her must have materially affected his or her settlement with the debtor."

10       5.      John Martino and Adonis Amoroso agree that they will not reapply to work for

11   Ecolab in the future and that, in the event of their application in the future, Ecolab can decline to hire

12   them pursuant to the terms of this Settlement.

13       **Q.     Publicity.**

14       1.      Named Plaintiffs and Class Count agree not to issue a press release or otherwise

15   notify the media about the terms of the Settlement or advertise or market any of the terms of the

16   Settlement through written, recorded or electronic communications.   Named Plaintiffs and Class

17   Counsel further agree that if contacted regarding this case, they will state only that the lawsuit exists

18   and has been resolved.

19       2.      Nothing herein shall be interpreted as preventing any good-faith communications by

20   any Counsel and/or any Parties with the Court, the Class Members, or the Claims Administrator.

21       **R.     Fair, Adequate And Reasonable Settlement.**   This Settlement was reached at

22   mediation after years of litigation and extensive negotiations.   The Settling Parties believe and agree

23   that this Settlement is a fair, adequate, and reasonable resolution of the Action and have arrived at

24   this Settlement in arms-length negotiations, taking into account all relevant factors, present and

25   potential, and will so represent it to the Court.

26       **S.     Dismissal Upon Final Approval.**   The Settling Parties agree that, upon final

27   approval of the Settlement by the Court, the Action will be dismissed in its entirety with prejudice

28   pursuant to the Proposed Final Judgment and Order of Dismissal attached hereto as Exhibit C.

**T.    No Admission Of Liability.**  Ecolab denies any and all alleged wrongdoing or the violation of any rights of the Named Plaintiffs and/or Class Members.  By entering into this Settlement, Ecolab does not admit, and in fact specifically disclaims, the violation of any law or regulation.  This Settlement is entered into solely for the purpose of compromising highly disputed claims.  Nothing in this Settlement is intended or will be construed as an admission of any liability or wrongdoing by Ecolab, or as an admission by the Class Members that any of their claims were non-meritorious or that any defense asserted by Ecolab was meritorious.  This Settlement and the fact that the Settling Parties were willing to settle the Action and have entered into this Settlement will have no bearing on, and will not be admissible in connection with, any litigation, other than as is necessary to enforce the terms of this Settlement.

**U.    Miscellaneous Terms.**

1.    <u>Integrated Agreement.</u>  After it is signed and delivered by all Parties and their counsel, this Settlement and its exhibits will constitute the entire agreement between the Settling Parties relating to the terms of Settlement, and will supersede any prior or contemporaneous oral representations, warranties, covenants, or inducements made to any Settling Party concerning this Settlement or its exhibits, including the Settlement Terms.

2.    <u>Execution in Counterparts.</u>  This Settlement may be executed in one or more counterparts and by facsimile or PDF version.  All executed counterparts, and each of them, will be deemed to be one and the same instrument, provided that counsel for the Settling Parties will exchange between themselves original signed counterparts.  Facsimile or PDF signatures will be accepted if the original signature is made available upon request within seven days.  Any executed counterpart will be admissible in evidence to prove the existence and contents of this Settlement.

3.    <u>Modification of Settlement.</u>  This Settlement, and any and all parts of it, may be amended, modified, changed, or waived only by an express written instrument signed by all Settling Parties or their successors-in-interest.

4.    <u>Settlement Binding on Successors.</u>  This Settlement will be binding upon, and inure to the benefit of, the successors of each of the Settling Parties.

5.    <u>Applicable Law.</u>  All terms and conditions of this Settlement and its exhibits will be

1  governed by and interpreted according to the laws of the State of California, without giving effect to

2  any conflict of law or choice of law principles.

3      6.    Interim Stay of Proceedings.  The Parties agree to stay all proceedings in the Action,

4  subject to necessary compliance with the Court's orders, except such proceedings necessary to

5  implement and complete the Settlement, in abeyance pending the Final Approval Hearing to be

6  conducted by the Court.

7      7.    Authorization to Enter Into Settlement Agreement.  Counsel for all Parties warrant

8  and represent they are expressly authorized by the Parties whom they represent to negotiate this

9  Agreement and to take all appropriate actions required or permitted to be taken by such Parties

10  pursuant to this Agreement to effectuate its terms, and to execute any other documents required to

11  effectuate the terms of this Agreement.  The Parties and their counsel will cooperate with each other

12  and use their best effort to effect the implementation of the Settlement.  In the event the Parties are

13  unable to reach agreement on the form or content of any document needed to implement the

14  Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of

15  this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.  The

16  persons signing this Agreement on behalf of Defendant represent and warrant that they are

17  authorized to sign this Agreement on behalf of Defendant.  Plaintiffs each represent and warrant that

18  he is authorized to sign this Agreement and that he has not assigned any claim, or part of a claim,

19  covered by this Settlement to a third-party.

20      8.    Notices.  Unless otherwise specifically provided herein, all notices, demands or other

21  communications given hereunder shall be in writing and shall be deemed to have been duly given as

22  of the third business day after mailing by United States registered or certified mail, return receipt

23  requested, addressed as follows:

To Class Counsel:

Alejandro Gutierrez, Esq.
HATHAWAY, PERRETT, WEBSTER, POWERS,
CHRISMAN & GUTIERREZ
5450 Telegraph Road, Suite 200
Ventura, CA  93006
Telephone: (805) 644-7111

CASE NO. 5:14-cv-04358-PSG

Brian D. Hefelfinger, Esq.
STRAUSS & PALAY APC
121 North Fir Street, Suite F
Ventura, CA 93001
Telephone (805) 641-6600

To Ecolab:

Jody A. Landry, Esq.
LITTLER MENDELSON, P.C.
501 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 232-0441
Facsimile: (619) 232-4302

9.    <u>Cooperation in Drafting.</u>  The Settling Parties have cooperated in the drafting and preparation of this Settlement.  This Settlement will not be construed against any Settling Party on the basis that the Settling Party was the drafter or participated in the drafting.

IT IS SO AGREED:

PLAINTIFFS AND THE CLASS

DATED: ___6/8___, 2016 .        By: _____
                                        JOHN MARTINO

DATED: _____, 2016          By: _____
                                        ADONIS AMOROSO

DATED: __6/13__, 2016           HATHAWAY, PERRETT, WEBSTER, POWERS,
                                CHRISMAN & GUTIERREZ

                                By: _____
                                        ALEJANDRO P. GUTIERREZ

                                Attorneys for the Certified Class

1              Brian D. Hefelfinger, Esq.
            STRAUSS & PALAY APC
2              121 North Fir Street, Suite F
            Ventura, CA  93001
3              Telephone (805) 641-6600

4

5        To Ecolab:

6              Jody A. Landry, Esq.
            LITTLER MENDELSON, P.C.
7              501 West Broadway, Suite 900
            San Diego, CA 92101
8              Telephone:  (619) 232-0441
            Facsimile:  (619) 232-4302

9       9.     <u>Cooperation in Drafting</u>.  The Settling Parties have cooperated in the drafting and

10  preparation of this Settlement.  This Settlement will not be construed against any Settling Party on

11  the basis that the Settling Party was the drafter or participated in the drafting.

12

13         IT IS SO AGREED:

14                    PLAINTIFFS AND THE CLASS

15

16  DATED:_____, 2016     By:_____
17                         JOHN MARTINO

18

19  DATED: 6/8 ____, 2016     By:_____
20                       ADONIS AMOROSO

21

22  DATED:_____, 2016     HATHAWAY, PERRETT, WEBSTER, POWERS,
                      CHRISMAN & GUTIERREZ
23

24                    By:_____
25                       ALEJANDRO P. GUTIERREZ

26                   Attorneys for the Certified Class

27

28

1

2   DATED:___06 / 21___, 2016        STRAUSS & PALAY APC

3                                    By:_____

4                                        BRIAN D. HEFELFINGER

5                                    Attorneys for the Certified Class

6

7                                    ECOLAB INC.

8   DATED: June 20, 2016

9                                    By:_____

10                                       MICHAEL A. HICKEY, Executive Vice President
                                        and President, Global Institutional

11  APPROVED AS TO FORM:

12

13

14                                   LITTLER MENDELSON PC

15  DATED:__6|20__, 2016

16                                   _____
                                        JODY A. LANDRY

17  Firmwide:140882923.1 057118.1183    Attorneys for Ecolab Inc.

18

19

20

21

22

23

24

25

26

27

28

                                    21                    CASE NO. 5:14-cv-04358-PSG

*[EXHIBIT A TO JOINT STIPULATION]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| JOHN MARTINO, an individual, for himself and those similarly situated; ADONIS AMOROSO, an individual, for himself and those similarly situated; and ROES 1 through 30,000 and the proposed Class,<br><br>Plaintiffs,<br><br>    vs.<br><br>ECOLAB INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | CASE NO:  5:14-cv-04358-VC<br><br><u>CLASS ACTION</u><br><br>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING** |

TO:    All Class Members, who are all current and former Territory Managers, and/or Hospitality Territory Managers (herein, the "TMs") employed by Defendant Ecolab Inc. in California at any time from June 4, 2010 to February 16, 2016, unless an individual opted out of the Action.

**THIS NOTICE AFFECTS YOUR RIGHTS.**

**PLEASE READ THIS NOTICE CAREFULLY.**

///

YOU ARE HEREBY NOTIFIED THAT A HEARING HAS BEEN SCHEDULED FOR _____, 2016, 2016 AT _____ A.M. BEFORE THE HONORABLE VINCE CHHABRIA, UNITED STATES DISTRICT COURT JUDGE FOR THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, TO CONSIDER A PROPOSED SETTLEMENT OF THE CLAIMS THAT HAVE BEEN BROUGHT ON YOUR BEHALF.

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at http://www.strausspalay.com/class-actions/martino-v-ecolab/, by contacting class counsel at brian@strausslawyers.com, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, _____ _____, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

## ESTIMATED INDIVIDUAL SETTLEMENT AMOUNT

**Based on your total full workweeks worked for ECOLAB as an TM during the Class Period, your estimated payment is $**_____ **("Individual Settlement Amount").** This estimated amount is only an estimate. The actual amount of your Individual Settlement Amount may increase or decrease based on several factors, including the final amounts approved by the Court and disputes about workweeks raised by other Class Members. As a result you may receive a smaller, or larger, payment. **Please read all of this notice packet for further details regarding the settlement.**

## I.     INTRODUCTION

On June 4, 2014, Plaintiffs John Martino and Adonis Amoroso filed a lawsuit against defendant Ecolab Inc. (Ecolab) for damages, interest, penalties and other monetary relief for unpaid regular and overtime compensation under the California Labor Code in the Superior Court of California, County of Santa Clara. The action was removed to federal court by Ecolab, to the U.S. District Court, Northern District of California, on or about September 26, 2014. The U.S. District Court certified the case as a class action on February 16, 2016.

Class Counsel in this matter is Alejandro P. Gutierrez, Esq. of the law firm of Hathaway, Perrett, Webster, Powers, Chrisman, and Gutierrez, and Daniel J. Palay and Brian D. Hefelfinger of Strauss & Palay, APC.

In this lawsuit, Plaintiffs Martino and Amoroso, individually and on behalf of other members of the Certified Class, allege that they worked for Ecolab in California and were entitled to overtime compensation for hours worked in excess of eight (8) in one day or forty (40) per week, but that Ecolab failed to pay them overtime premium pay for those overtime hours worked. Ecolab denies these allegations.

A tentative settlement of the case has been reached with Ecolab. The settlement applies to all members of the Certified Class.

7

II.     **THE REASON YOU HAVE RECEIVED THIS NOTICE**

You are a member of the Certified Class as you previously received notice of this matter earlier this year and did not opt-out of the case by the deadline set by the Court. Your rights will be affected because the current Class Representatives, John Martino and Adonis Amoroso, and Ecolab ("the Parties") have tentatively settled the lawsuit. Pursuant to that tentative settlement, the Court is considering the entry and final approval of the settlement. By preliminary approval of the proposed settlement on _____, 2016, the Court has preliminarily determined that this lawsuit could be settled against defendant.

You are hereby notified that:

1. A settlement of the claims of the Certified Class has been proposed by Class Representatives Plaintiffs Martino and Amoroso, and Class Counsel, on the one hand, and Ecolab, on the other.

2. The proposed Settlement has been submitted to the Court and has received preliminary approval.

3. You and any other persons in the Certified Class have the right to object to the proposed settlement by following the procedures in Parts V of this notice.

4. A hearing to finally approve the settlement is scheduled for _____, 2016 at _____ A.M. in Courtroom 4 (17th Floor), at the United States Courthouse, located at _____ San Francisco, California, before the Honorable Vince Chhabria, U.S. District Court Judge.

At the hearing, any member of the Certified Class may appear and object to the proposed settlement. However, no such person shall be heard at the hearing, and no papers or written briefs shall be considered, unless the procedures set forth in Part V of this Notice have been followed. You should read that part carefully. Certified Class members who do not make objections in the manner provided in Part V of this Notice shall be deemed to have waived such objections.

This notice is not to be understood as an expression of any opinion by the Court as to the merits of any claims or defenses asserted by any party in these lawsuits. This notice is sent for the sole purpose of informing you of the pendency of this lawsuit and the terms of the proposed settlement so that you may make appropriate decisions. In the event of any conflicts between this notice and the Settlement Agreement, the terms of the Settlement Agreement shall govern. You may obtain a copy of the Settlement Agreement by contacting Class Counsel, who are identified in Part VII below.

III.    **NATURE OF THE LAWSUIT**

In this case, Plaintiffs sued Ecolab for damages for nonpayment of overtime for hours worked in excess of eight (8) in one workday or forty (40) in a workweek and for interest and penalties resulting from these violations. Plaintiffs have additionally sued Ecolab for civil penalties for various violations of the California Labor Code, as permitted by the Private Attorneys General Act of 2004, Lab. Code § 2699 *et seq.* ("PAGA"). Ecolab denied and continues to deny all of the allegations made by the Plaintiffs. Ecolab asserts that Territory Managers and Hospitality Territory Managers should

8

not be treated as hourly employees, but instead are properly paid on a salary plus commission basis, and are therefore properly exempt from and not entitled to overtime, and are not owed any overtime wage or penalties.

The Plaintiffs and Ecolab have tentatively settled this lawsuit. The Settlement has received preliminary approval of the Court, subject to notice being provided to the members of the Classes and final approval by the Court after a public hearing. This proposed settlement is described in the next section.

As a member of the Certified Class, you will receive money from the proposed Settlement if the Court grants final approval. If the Settlement Agreement is approved you will be bound by its terms including the release of claims. If the proposed settlement is not approved, then the offer of settlement will be deemed withdrawn, and the case will proceed in Court as if no settlement had ever been made.

## IV.  SUMMARY OF THE RELIEF GRANTED BY THE PROPOSED SETTLEMENT AGREEMENT

For purposes of settlement, and without admitting any liability, Ecolab has agreed to provide certain relief to persons in the Certified Class in exchange for a release of claims. The following is only a summary of the relief contained in the proposed Settlement. In the event there are any conflicts between this Notice and the Settlement Agreement, the terms of the Settlement shall govern. For a copy of the proposed Settlement Agreement, you may contact Class Counsel, whose names, addresses, and telephone numbers are listed below in Part VII. The relief granted by the proposed Settlement Agreement is summarized as follows:

1.  Ecolab will pay the total sum ("Sum") of Twenty-One Million Dollars ($21,000,000.00), less attorneys' fees and costs awarded to Class Counsel, any enhancement awarded to the Class Representatives John Martino and Adonis Amoroso, the costs of the appointed Claims Administrator, and a payment of $100,000.00 to the California Labor Workforce and Development Agency (LWDA).

2.  Out of the Sum, Ecolab will pay reasonable attorneys' fees in a maximum amount not to exceed $6,300,000 (30% of the Sum) and actual costs incurred by Class Counsel (not to exceed $50,000). All payments for attorneys' fees and costs will be paid from the Sum, which will reduce any payments made to the Certified Class. Class Counsel will apply to the court for approval of their attorneys' fees and costs at the hearing scheduled for ▓▓▓▓▓▓▓▓▓, 2016 at ▓▓▓▓▓▓▓: A.M.

3.  Current Class Representatives John Martino and Adonis Amoroso will apply to the Court at the hearing scheduled for ▓▓▓▓▓▓▓, 2016 for an enhancement payment not to exceed $15,000 each in recognition of the time and efforts each has expended in this case on behalf of the Certified Class.

4.  The Settlement provides monetary compensation to Certified Class members for unpaid overtime compensation, interest thereon, and PAGA penalties, as allowed under California state law.

5. Any Certified Class member has the right to object to the proposed settlement by following the procedures set forth in Part V below.

Based upon the equitable formula that has been devised, there will be substantial differences among Certified Class members as to the amount each individual participating Certified Class member will receive in settlement. The formula provides that each Certified Class Member will receive a portion of the settlement in proportion to the number of weeks that he/she worked for Ecolab as a TM compared to all the weeks worked by all the Certified Class Members as a TM from the time period of June 4, 2010 through the date of preliminary approval of the Settlement. Monies paid pursuant to the Settlement are taxable; Ecolab will make all lawful payroll deductions from 50% of each Class Member's payment, while the remaining 50% will be paid without payroll deductions.

## V.   HEARING AND PROCEDURE FOR OBJECTING TO THE SETTLEMENT AGREEMENT

If you are satisfied with the proposed Settlement Agreement, you do not need to appear at the hearing at which the Court will consider final approval of the Settlement Agreement. If you object to the proposed Settlement Agreement, you MUST take the following steps. Your failure to do so will be deemed a waiver of your objections and will result in a foreclosure of your right to make any objections to the Settlement, whether by appeal or otherwise:

A.     So that it is postmarked by _____, 2016, you MUST mail any objection by first class postage the Court at United States District Court, Northern District of California, _____ _____ _____.

B.     You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object. You may object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

C.     All written objections and supporting papers must (a) clearly identify the case name and number (*Martino et al* v. *Ecolab Inc.*, Case Number 5:14-cv-04358-PSG), (b) be submitted to the Court either by mailing them to Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before _____, 2016."

## VI.   CLASS COUNSEL

If you have any questions concerning the proposed Settlement Agreement, or this Notice, you may contact either of the following Class Counsel:

Alejandro P. Gutierrez, Esq. at the law firm of Hathaway, Perrett, Webster, Powers, Chrisman, and Gutierrez, 5450 Telegraph Road, Suite 200, Ventura, California 93003, telephone (805) (805) 644-7111, e-mail address: agutierrez@hathawaylawfirm.com; or

1

      Brian D. Hefelfinger, Esq. at Strauss & Palay, APC, 121 N. Fir Street, Suite F, Ventura, California 93001, telephone (805) 641-6600, email address: brian@strausspalay.com.

2

3

**PLEASE DO NOT TELEPHONE OR CONTACT THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

1

**EXHIBIT A**

2

**[name/ID#]**

3

4

5

6

7

ECOLAB's records indicate that during the applicable time period (June 4, 2010 through ████████, 2016), you worked ██████████ full workweeks as a California Territory Manager or Hospitality Territory Manager ("TM") for ECOLAB.  If you disagree with the full workweeks figure as set forth above, you must notify the Claims Administrator in writing by the deadline of ████████, 2016 and attach documentation supporting your belief.  Failure to provide this information and satisfactory supporting documentation of the workweeks you believe you worked for ECOLAB during the applicable time period will result in any claim you submit being based solely on ECOLAB's records.

8

9

**ESTIMATED CLAIM AMOUNT**

10

11

12

13

**Based on your total full workweeks worked for ECOLAB during the Class Period, your estimated payment is $**████████ **("Individual Settlement Amount").**  This estimated amount is only an estimate.  The actual amount of your Individual Settlement Amount may increase or decrease based on several factors, including the final amounts approved by the Court and disputes about workweeks raised by other Class Members.  As a result you may receive a smaller, or larger, payment.

14

**QUESTIONS**

15

16

If you have questions, please call or write to CPT Group, Inc. at the telephone number and address shown on page 1 above.

17

18

Firmwide:140883072.1 057118.1183

19

20

21

22

23

24

25

26

27

28

12

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING**

1

2

3          *[EXHIBIT B TO JOINT STIPULATION]*

4

5

6

7

8

9

10                    **UNITED STATES DISTRICT COURT**

11                **NORTHERN DISTRICT OF CALIFORNIA**

12                        **SAN JOSE DIVISION**

13

14

| | |
|---|---|
| JOHN MARTINO, an individual, for himself and those similarly situated; ADONIS AMOROSO, an individual, for himself and those similarly situated; and ROES 1 through 30,000 and the proposed Class, <br><br> Plaintiffs, <br><br>       vs. <br><br> ECOLAB INC., a Delaware Corporation; and DOES 1 through 100, inclusive, <br><br>       Defendants. | CASE NO:  5:14-cv-04358-VC <br><br> <u>CLASS ACTION</u> <br><br> **[PROPOSED]** <br> **ORDER GRANTING MOTION FOR** <br> **PRELIMINARY APPROVAL OF CLASS** <br> **ACTION SETTLEMENT** |

23

24          The Court has received the Joint Stipulation of Class Action Settlement and Release

25   (hereinafter sometimes referred to as the "Settlement" or "Agreement"), entered into between the

26   Plaintiffs and Class Representatives for the Certified Class in this matter, on the one hand, and

27   Defendant Ecolab Inc. ("Ecolab"), on the other hand, and their respective counsel of record.

28

After reviewing the Agreement, and the other documents filed in support of the Motion for Preliminary Approval of Class Action Settlement, and having considered the arguments by the respective parties, THE COURT HEREBY ORDERS THE FOLLOWING:

### ORDERS

1. The Court hereby grants preliminary approval of the proposed Settlement upon the terms and conditions set forth in the Agreement. The Court preliminarily finds that the terms of the proposed Settlement are fair, adequate and reasonable, and that they comply with Rule 23(e) of the Federal Rules of Civil Procedure ("FRCP"). The Court hereby adopts and incorporates by this reference the recitals, terms and conditions of the Settlement.

2. The Court preliminarily finds that the Settlement is the product of serious, informed, non-collusive negotiations conducted at arm's-length by the Parties. In making these preliminary findings, the Court considered, among other factors, the potential damages claimed in the lawsuit on behalf of Plaintiffs and members of the Certified Class (which totals 262 individuals), Defendant's potential liability, the risks of continued litigation including trial outcome, delay and potential appeals, the substantial benefits available to the Certified Class as a result of the Settlement, the Parties' participation in mediation with an experienced class action mediator, and the fact that the proposed Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further preliminarily finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual member of the Certified Class.

3. The Court approves the proposed manner of the notice of Settlement set forth in the Agreement. The Court also approves the size and contents of the Notice of Proposed Class Action Settlement attached hereto as Exhibit 1.

4. The Court finds that the proposed manner of the notice of Settlement set forth in the Agreement (and the Notice of Proposed Class Action Settlement referenced therein and which the Court approves of, as set forth in paragraph 3, above) constitutes the best notice practicable under the circumstances and is in full compliance with the United States Constitution and the requirements of due process. The Court further finds that the notice fully and accurately informs the Certified Class of

1   all material elements of the lawsuit and proposed class action Settlement, , and each Certified Class

2   Member's right and opportunity to object to the proposed class action Settlement and be heard at the

3   final approval (fairness) hearing.

4        5.     The proposed plan for mailing the Notice of Proposed Class Action Settlement and

5   Claim Form by first-class mail to the Certified Class Members' last-known address is an appropriate

6   method, reasonably designed to reach all individuals who would be bound by the Settlement.  There is

7   no alternative method of sending the Notice to the Certified Class that would be more practicable, and

8   any more reasonably likely to notify the Class Members.  The proposed Notice of Proposed Class

9   Action Settlement and the notice plan set forth in the Settlement are the best practicable notice under

10   the facts and circumstances of this case.

11        6.     The Parties are ordered to carry out the Settlement according to the terms of the

12   Settlement Agreement.

13        7.     The Court appoints CPT Group, Inc. ("CPT") as the Claims Administrator.  Promptly

14   following entry of this order, CPT will prepare a final version of the Notice of Proposed Class Action

15   Settlement and Claim Form, incorporating into it the relevant dates and deadlines set forth in this

16   Order and the Settlement Agreement and will commence the notice process in accordance with the

17   scheduling set forth herein.

18        8.     The deadline for filing objections to the Settlement shall be _____, 2016, which is

19   forty-five (45) days from the mailing of the Notice of Settlement, in conformity with the Settlement

20   Agreement and this Order.

21        9.     Any Certified Class Member who desires to object to the Settlement must file with the

22   Court, not later than _____, 2016 (the "Objection Deadline"), a written statement objecting to the

23   Settlement and setting forth the grounds for the objection.  The written statement of objection must

24   indicate whether the Certified Class Member intends to appear and object to the Settlement at the Final

25   Approval Hearing, and the failure to so indicate will constitute a waiver of the right to appear at the

26   Final Approval Hearing.  A Certified Class Member who does not timely file an objection in the

27   manner and by the Objection Deadline specified above will be deemed to have waived all objections

28   and will be foreclosed from making any objections to the Settlement, whether by appeal or otherwise.

10.     Class Counsel's motion for an award of attorney's fees and costs and the Class Representatives' motion for a service enhancement shall be filed no later than fourteen (14) calendar days before the final approval (i.e. "final fairness") hearing.

11.     The Court will hold a final approval hearing on _____, 2016, at _____ a.m. in Courtroom _____, to consider the fairness, reasonableness and adequacy of the proposed Settlement as well as the award of attorney's fees and costs to Class Counsel and incentive (service) awards to the Class Representatives.  The Court reserves the right to adjourn or continue the final approval (fairness) hearing without further notice to the Settlement Class members.

**IT IS SO ORDERED.**

Dated: _____

                                        _____
                                        Hon. Vince Chhabria
                                        United States District Court Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT 1</u>
TO PROPOSED ORDER

*[EXHIBIT C TO JOINT STIPULATION]*

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

9

**SAN JOSE DIVISION**

10
11

| | |
|---|---|
| JOHN MARTINO, an individual, for himself and those similarly situated; ADONIS AMOROSO, an individual, for himself and those similarly situated; and ROES 1 through 30,000 and the proposed Class,<br><br>Plaintiffs,<br><br>vs.<br><br>ECOLAB INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO: 5:14-cv-04358-VC<br><br>CLASS ACTION<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

12
13
14
15
16
17
18
19
20
21

On _____, 2016, Plaintiffs' Unopposed Motion for Final Approval of Class Action

22 Settlement, Attorneys' Fees and Service Award (the "Final Approval Motion") came before the Court

23 for hearing pursuant to the Order of this Court, ECF No. ___, on the application of Plaintiffs John

24 Martino and Adonis Amoroso for approval of the comprehensive settlement terms set forth in the Joint

25 Stipulation of Class Action Settlement and Release (hereinafter the "Settlement" or the "Stipulation,"

26 Docket No. ___).

27 For the reasons stated in its Order dated _____, 2016 (hereinafter the "Final

28 Approval Order," ECF Docket No. ___), this Court granted the Final Approval Motion.

1

Pursuant to Federal Rule of Civil Procedure 58, the Court now HEREBY ORDERS ENTRY OF JUDGMENT as follows:

1.    This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2.    This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3.    All Parties are bound by this Final Judgment and Order of Dismissal with Prejudice and by the Stipulation. The parties shall comply with the terms and conditions of the Stipulation and of the Final Approval Order.  Defendant ECOLAB INC. shall pay the settlement funds through the procedure described in the Stipulation.

4.    The Court previously certified the Action as a class action under Federal Rule of Civil Procedure 23. The Class, which is made up of 262 individuals, is defined as set forth in the Stipulation.

5.    The Court approves the following payments, after which the remaining settlement funds shall be distributed to the Participating Class Members pursuant to the terms of the Stipulation and Final Approval Order:

- California Labor and Workforce Development Agency: $_[per Court]_;
- Plaintiff JOHN MARTINO (as a Service Award): $_[per Court]_;
- Plaintiff ADONIS AMOROSO (as a Service Award): $_[per Court]_;
- Class Counsel (as attorney's fees): $_[per Court]_;
- Class Counsel (as litigation costs and expenses): $_[per Court]_; and
- CPT Group, Inc. (for claims administration fees): $_[per Court]_.

6.    Except as to any individual claim of those persons who have validly and timely requested exclusion from the Class, the Action is dismissed with prejudice.

7.    Upon the Effective Date (as defined in Definitions par. "M" of the Stipulation), or as of October 15, 2016, whichever occurs sooner, all Released Claims of each and every member of the Class are and shall be deemed to be conclusively released as against Defendant.  All persons and entities who are in the Class are hereby forever barred and enjoined from commencing, prosecuting or

2

1    continuing, either directly or indirectly, against Defendant, in this or any other jurisdiction or forum,

2    any and all Released Claims (as defined in the Stipulation).

3           8.      Without affecting the finality of this Final Judgment and Order of Dismissal with

4    Prejudice in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the

5    Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b)

6    disposition of the Settlement Fund; (c) hearing and determining applications for attorney fees and

7    expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing, and

8    administrating the Stipulation and the Settlement therein.

9           9.      The Court finds that during the course of the Action, the Settling Parties and their

10   respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

11         10.    In the event that the Settlement does not become effective in accordance with the terms

12   of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any

13   portion thereof, is returned to the Defendant, then this Final Judgment and Order of Dismissal with

14   Prejudice shall be rendered null and void to the extent provided by and in accordance with the

15   Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in

16   connection herewith shall be null and void to the extent provided by and in accordance with the

17   Stipulation.

18         11.    Pursuant to the terms of the Stipulation, entry of this Judgment shall become effective

19   only *after* the Settlement has been fully funded (Stipulation of Settlement, at § III, par. F. 2. b.).

20         12.    Therefore, the Clerk of the Court is expressly directed enter this Final Judgment and

21   Order of Dismissal with Prejudice, on or after _____, 2016, unless otherwise ordered, so as to

22   allow time for the Settlement to be effectuated prior to entry of the dismissal.

23   **IT IS SO ORDERED.**

24

25

26   DATED: _____          _____

27                                      Hon. Vince Chhabria
                                        United States District Court Judge

28   Firmwide:140883107.1 057118.1183