Alejandro P. Gutierrez, SBN 107688
**HATHAWAY, PERRETT, WEBSTER, POWERS, CHRISMAN & GUTIERREZ**
A Professional Corporation
200 Hathaway Building
5450 Telegraph Road
Post Office Box 3577
Ventura, CA 93006-3577
Telephone: (805) 644-7111
Facsimile: (805) 644-8296
E-mail: agutierez@hathawaylawfirm.com

Daniel J. Palay, SBN 159348
**STRAUSS & PALAY, PAC**
121 N. Fir Street, Suite F
Ventura, CA 93001
Telephone:(805) 641-6600
Facsimile: (805) 641-6607
E-mail: djp@palaylaw.com

Attorneys for Plaintiffs and the Certified Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN MARTINO, an individual; for himself and those similarly situated; ADONIS AMOROSO, for himself and those similarly situated; and ROES 1 through 30,000 and the proposed class,<br><br>Plaintiff,<br><br>vs.<br><br>ECOLAB INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO:   5:14-cv-04358-VC<br><br>**CLASS ACTION**<br><br>**SUPPLEMENTAL DECLARATION OF ALEJANDRO P. GUTIERREZ IN SUPPORT OF *UNOPPOSED* MOTION FOR FINAL APPROVAL OF ATTORNEY'S FEES AND COSTS**<br><br>Date:  January 26, 2017<br>Time   10:00 a.m.<br>Crtrm: 4, 17th Floor<br>Hon. Vince Chhabria |

1

**SUPPLEMENTAL DECLARATION OF ALEJANDRO P. GUTIERREZ IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF FEES AND COSTS – 5:14-cv-04358-VC**

## DECLARATION OF ALEJANDRO P. GUTIERREZ

I, Alejandro P. Gutierrez, declare as follows:

1. I am an attorney at law qualified to practice before the state and federal courts in California. I am a partner with the law firm of Hathaway, Perrett, Webster, Powers, Chrisman & Gutierrez, APC, attorneys of record for Plaintiffs and Class Counsel for the certified class in the above-entitled action. I am the attorney at our firm responsible for the litigation of this class action. I have personal knowledge of the facts stated in this declaration and if called upon, I would and could testify competently thereto. I make this declaration in support of Plaintiffs' Motion for Final Approval of Attorney's Fees and Costs.

2. In 2014, lead Plaintiffs John Martino and Adonis Amoroso approached me seeking legal advice as to whether Ecolab had improperly classified them as exempt from overtime pay requirements. Their decision to retain my firm and the Strauss & Palay firm was based on our record of success in similar cases on behalf of Ecolab workers.

### HATHAWAY LAW FIRM ATTORNEYS' FEES

3. This matter has required the Hathaway firm to spend time on this litigation that could have been spent on other matters. At various times during the litigation of this class action, this lawsuit has consumed my time, along with the time of a certified paralegal for over two years. Such time could otherwise have been spent on other fee-generating work.

4. From this case's inception in June 2014 to the present, a period of over two years, Class Counsel have billed over 1,591 in litigating this matter. My firm billed 1,128.7 hours in litigating this matter. We exercised sound billing discretion by reducing the billable hours incurred, including delegating many tasks to lower-billing paralegals and associate attorneys. In fact, over one-third of the total lodestar hours were billed at the far lower paralegal rate of $195.00. Had such tasks been allotted to the higher-billing partners, there would have been approximately $300,000 more in lodestar fees.

2

5.  The specific work performed by my firm is categorized in Exhibit A. Among other things, my firm coordinated work between the two firms, served as the point of contact and communication with Ecolab's counsel; coordinated document review and reviewed documents; served as the point of contact and communication with the class representatives; spoke with class members and drafted declarations; took depositions of Ecolab's corporate designees with respect to various different categories of issues; prepared for and took depositions of Ecolab declarants; defended class member depositions, including the named Plaintiffs' depositions; researched and drafted legal arguments for class certification; revised and edited all briefs submitted in this matter; negotiated settlement terms with Ecolab; drafted supporting documents for preliminary approval; drafted the motion for final approval and supporting documents, and drafted the application for attorneys' fees and costs and supporting documents. We worked as much as was necessary to fully protect the interests of a class facing a determined opposition with great resources.

6.  Because this was a contingency fee case, we had little incentive to spend unnecessary time on tasks to inflate their fees. The hours we spent litigating the case were limited to those necessary to pursue Plaintiffs' claims and to respond to Ecolab's relentless opposition, including pre-litigation research and investigation; comprehensive discovery including sixteen depositions and analysis of thousands of pages of documents; certification of the class prior to settlement; settlement negotiations and mediation, preparation for the same, finalizing the terms of the Settlement Agreement; and efforts to obtain Court approval of the Settlement, as discussed in detail in Plaintiffs' unopposed Motion for Final Approval of Attorneys' Fees and Costs. (Doc. 79). Class Counsel worked closely and in cooperation with one another to divide tasks, ensure efficient case management, and prevent duplication of efforts. I believe that the hours expended were reasonably and necessarily incurred. Moreover, we will continue to dedicate time throughout the final approval and claims administration process.

7. The regular practice at the Hathaway firm is for all attorneys and certified paralegals to keep contemporaneous time records, maintained on a daily basis, and describing tasks performed in 0.1 hour increments. Our firm makes use of timekeeping software called Legal Master.

8. The current rates for the Hathaway firm's timekeepers is set forth in the table below.

| Timekeeper | Years of Experience | Hourly Rate |
| --- | --- | --- |
| Alejandro P. Gutierrez, Partner | 33 years | $800.00 |
| Coleen De Leon, Certified Paralegal (CP) | 25+ years | $195.00 |

These rates are my firm's current commercial billing rates and are supported by our extensive and specialized experience in class wage and hour cases and recognized expertise. We have participated in cases in which we were awarded attorneys' fees at our then-current hourly rates. For example, in *Aguiar et al. v. Zep et al.*, USDC Case No. 13-cv-00563-WHO, another wage and hour case, the court found it its August 2014 order granting plaintiffs' attorneys' fees that my then-current rate of $700 was a reasonable rate. (WL 4063144 (N.D.Cal. Aug. 15, 2014). In *Ross v. Ecolab*, C 13-05097 PJH, the court approved Class Counsel's fees at the same billing rates as those sought here. *See* 4:13-cv-05097-PJH, Doc. No. 150.

9. I have personal knowledge of the hourly rates charged by other attorneys with comparable experience to mine in the Northern District market. Based on that information, I believe that the Hathaway firm's hourly rates are fully consistent with market rates in the Northern District for attorneys with comparable experience, expertise, and qualifications. See, e.g.:

- *Vasquez v. USM Inc.*, No. 13-5449-JD, WL612906, *3 (N.D.Cal., Feb 16, 2016), a wage and hour class action, where the court in granting final approval of a class action settlement and attorney's fees found that the fee requested, although representing more than 50% of the total cash settlement, was adequately supported by counsel's lodestar, which was calculated using hourly fees of $725 for the lead attorney and up to $840 for a senior partner (13:5449, Docket

139-1);

- *Moore v. PetSmart, Inc.*, No. 12-3577 EJD, WL5439000, *12 (N.D.Cal. Aug. 4, 2015), a wage and hour class action in which the court in granting in part final approval of the motion for attorneys' fees found the hourly rate of $720 to be reasonable for a partner and up to $225 to be a reasonable hourly rate for paralegals ("In this case, the relevant community is the Northern District of California where reasonable rates for partners range from $450 to $800, associates range from $285 to $510, and paralegals and litigation support staff range from $150 to $240" (*Id.*);

- *Holloway et al. v. Best Buy Co., Inc.*, No. 05-5056 PJH (N.D.Cal. Nov. 9, 2011), a class action alleging employment discrimination, in which this court approved a lodestar award based upon rates of up to $825 per hour;

- *Savaglio, et al. v, WalMart*, Alameda County Superior Court No. C-835687, Order Granting Class Counsel's Motion for Attorneys' Fees, filed September 10, 2010, involving a wage and hour class action in which the court found reasonable, before applying a 2.36 multiplier, rates of up to $875 per hour for a 51-year attorney, $750 for a 39-year attorney, and $775 for a 33-year attorney;

- *Taylor et al. v. West Marine Products, Inc.*, 13-4916 WHA, WL 2452902, *2 (N.D.Cal. 2015), a wage-and-hour class action in which the court in granting a motion for attorney's fees, found the rate of $790 to be reasonable for a 41-year attorney and $625 to be reasonable for 12-year attorneys;

- *Loretz v. Regal Stone, Ltd.*, 756 F.Supp.2d 1203, 1211 (N.D. Cal. 2010), a class action brought in part under California's UCL, in which the court found that the hourly rates of $775 to $900 for partners and $225 for a legal assistant were reasonable;

- *Alexx, Inc. v. Charm Zone, Inc.*, 2011 WL 249471, *2 (N.D. Cal. 2011) (approving as

5

reasonable Jones Day "hourly rate charged (ranging from $400 to $800)" the reasonableness of which was not even contested).

Further, in the *Ladore v. Ecolab* wage-and-hour class action in which I was co-Class Counsel, the U.S. District Court, Central District granted the plaintiffs' motion for attorney's fees, where I had billed at my normal rate of $700 per hour for my time. The *Ladore* court found that the result that I and my co-counsel achieved was an exceptional result. (Order Re: Final Approval of Class Action Settlement; 11-9386, Doc. 112.) In addition, in the *Ross v. Ecolab* wage-and-hour class action, Judge Hamilton granted the plaintiff's motion for attorney's fees where I billed at my current rate of $800 per hour. (4:13-cv-05097-PJH, Dock. No. 150).

10. In the *Ross* case, three attorneys with 86 collective years of experience practicing in the Northern District submitted declarations attesting to the reasonableness of Class Counsel's hourly rates and that such rates are commensurate with those of attorneys with similar experience. For instance, Bay Area attorney Aaron Kaufmann, an employment law specialist who has litigated employment law cases for over 25 years and served as class counsel in dozens of wage and hour class actions, attested that his current hourly rate is $825 per hour and that in his firm, work on class action litigation is billed in the range of $675 to $850 for partners, $400 to $525 for associates, and $275 an hour for senior paralegals. See Kaufmann Decl., ¶¶ 4, 10, 11, 12, 13, attached hereto as Exhibit B. Another Bay Area attorney, Mathew Righetti, who has over twenty years of experience in complex employment and class action litigation, has attested that the rates charged by Class Counsel here are reasonable for class action attorneys with comparable experience and skill in the local community who are handling complex class action litigation. See Righetti Decl., ¶¶ 3, 11, attached hereto as Exhibit C. Similarly, Bay Area attorney, Bradley A. Bening, who has litigated hundreds of complex cases in the Northern District for over 30 years, attested that my hourly billing rate of $800 is well within the range of other top tier, 30-plus-year attorneys in the Bay Area. See Bening Decl., ¶¶ 3, 6, attached hereto as

Exhibit D.

11. The Laffey Matrix for the period 6/1/15 to 5/31/16 determines that the average rate for attorneys with 20+ years of experience is $796.00. The Laffey Matrix for the period 6/1/16 – 5/31/17 determines that the average rate for attorneys with 20+ years of experience is $826.00. Attached hereto as Exhibit E is a true and correct copy of the most current Laffey Matrix. This rate, however, is tailored for the District of Columbia, which has a +24.22% locality pay differential, while the San Francisco area has a locality pay differential of +35.15%. This differential means that the $826.00 figure must be adjusted upward by approximately 11 percent to $916.86. Attached hereto as Exhibit F is a true and correct copy of the Locality Pay Are of San Jose-San Francisco-Oakland, California effective January 2016. My hourly rates are lower than those demonstrated in the Laffey Matrix even before adjusting it for locality differentials.

12. The contemporaneously maintained logs of time expended by the Hathaway firm indicate a total of 1,128.7 hours expended through December 14, 2016 litigating this matter. Attached hereto as Exhibit A is a true and correct summary by individual of the hours, billing rate, and lodestar for that particular person's work on this matter through December 14, 2016. The Hathaway firm's total lodestar on the 1,128.7 hours expended through December 14, 2016 amounts to $554,602. The time the Hathaway firm spent on this case has been completely contingent on the outcome of this action. Our firm has not been paid for any of the time spent on the action.

13. I and my staff at Hathaway spent considerably more time on this case than is reflected in the time compilations set forth as Exhibit A, but I reduced our actual time in the exercise of billing judgment. For example, I wrote off time for any newly assigned attorneys' review of background materials and getting up to speed on the case as well as for any timekeepers who billed fewer than 20 hours of time on the case.

14. I expect that the Hathaway firm will spend more time on this case in the future. The

7

SUPPLEMENTAL DECLARATION OF ALEJANDRO P. GUTIERREZ IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF FEES AND COSTS – 5:14-cv-04358-VC

current fee application only includes time through December 14, 2016, and does not include all time spent preparing for and filing this application and preparing for and attending the final approval hearing. These activities will likely include communicating with class members who contact us regarding the court's approval of the settlement. Even after this settlement is finally approved, we are likely to continue work on this case without compensation by communicating with class members about Ecolab's compliance with the terms of the Settlement. Thus, Class Counsel's lodestar will continue to increase during 2017.

15. The total lodestar of the two firms comprising Class Counsel is $798,676. At this lodestar amount, Plaintiffs' fee request represents a lodestar multiplier of approximately 6.57.

16. I am a shareholder of the law firm of Hathaway, Perrett, Webster, Powers, Chrisman & Gutierrez, APC. I am a graduate of University of California at Davis Law School and was admitted to the California Bar in 1983. I have extensive experience in civil litigation and an over 30-year history of aggressive, successful prosecution of labor law cases. For instance, in a wage and hour class action, in binding arbitration, I succeeded in procuring an award of $51.2 million for the class. This recovery represented close to 100% of the compensatory damages suffered by class members, an exceptional and rare result. In fact, my efforts resulted in the largest per-person award in California history. Further, I have successfully resolved several class actions before trial in favor of the class, including *Avitia v. Big Lots Stores*, Los Angeles County Superior Court Case No. BC436317; *McNeal v. Pacific Satellite*, Los Angeles County Superior Court Case No. BC382775; *Beltran v. Restaurant Miramar*, Ventura Co. Superior Court Case No. 56-2009-00362572-CU-BC-VTA; *Dockstader v. Employee Leasing, Inc.* Ventura Co. Superior Court Case No. 56-2010-00371075-CU-OE-VTA; *Roe v. Ecolab*, Ventura Co. Superior Court Case No. CIV 233936; *Dietz v. Ecolab,* Ventura Co. Superior Court Case No. CIV 241827; *Ladore v. Ecolab*, USDC Case No. 11-9386; *Britto v. Zep*, Alameda County Superior Court Case No. VG-10553718; *Aguiar v. Zep*, USDC Case No. 13-0563; *Rizk v. DirectSat*,

SUPPLEMENTAL DECLARATION OF ALEJANDRO P. GUTIERREZ IN SUPPORT OF PLAINTIFFS' MOTION FOR
FINAL APPROVAL OF FEES AND COSTS – 5:14-cv-04358-VC

Los Angeles County Superior Court Case No. BC363435; *Ross v. Ecolab*, USDC Case No. 4:13-cv-05097-PJH; *Savannah v. Sodexo*, USDC Case No. 15-5845; and *Cardoza v. Western Oil Spreading Services, Inc.*, Ventura County Superior Court Case No. 56-2015-00473881-CU-OE-VTA.

17. Coleen De Leon is a certified paralegal who worked under my supervision in this case. Ms. De Leon's duties involved taking a large share of all legal research and writing. She was involved in every aspect of the case from its inception, from preparing discovery questions, responding to discovery, drafting motions and other briefs, responding to motions filed by Ecolab, drafting mediation briefs and preparing mediation binders, drafting appellate responsive briefs, summarizing depositions, preparing summaries of billing records and categorizing tasks for the instant motion, among other substantive tasks. Ms. De Leon received her degree in French at the Collège International de Cannes in France. She went on to earn her paralegal certification in 2002 after attending the Legal Assistantship Program at the University of California at Santa Barbara. She has over 25 years of experience in civil litigation and specializes in wage and hour class actions. My firm charges $195 an hour for Ms. De Leon's time.

18. I believe that Class Counsel's combined experience in employment litigation, along with our diligent and efficient pursuit of this matter, were among the reasons we were able to achieve the exceptional result of an average award of $59,000 per individual within two years of litigation, where other counsel without as much experience would likely have had to expend considerably more time to accomplish the same result.

I declare under penalty of perjury and under the laws of the United States of America that the foregoing is true and correct. Executed this 16th day of December, 2016, at Ventura, California

                                                                            /s/
                                          Alejandro P. Gutierrez

SUPPLEMENTAL DECLARATION OF ALEJANDRO P. GUTIERREZ IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF FEES AND COSTS – 5:14-cv-04358-VC