UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN MARTINO, an individual; for himself and those similarly situated; ADONIS AMOROSO, for himself and those similarly situated; and ROES 1 through 30,000 and the proposed class,<br><br>Plaintiffs,<br><br>vs.<br><br>ECOLAB INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO:   5:14-cv-04358-VC<br>**CLASS ACTION**<br><br>[PROPOSED] **ORDER GRANTING CLASS SETTLEMENT, FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE** AS MODIFIED |

## ORDER

On January 26, 2017, Plaintiffs' Unopposed Motions for Final Approval of Class Action Settlement, Attorneys' Fees and Service Awards (the "Final Approval Motions") came before the Court for hearing pursuant to the Order of this Court, ECF No. 73, on the application of Plaintiffs John Martino and Adonis Amoroso for approval of the comprehensive settlement terms set forth in the Joint Stipulation of Class Action Settlement and Release (hereinafter the "Settlement" or the "Stipulation," (Docket No. 60).

1.  The Court finds that the Class Notice that was approved by the Court in its Order of August 18, 2016 was timely sent to Class Members by the Court-approved Claims Administrator CPT Group, Inc., which notice fully and accurately informed the Certified Class of all material elements of the lawsuit and proposed class action Settlement and each Certified Class Member's right and opportunity to object to the proposed class action Settlement and be heard at the final approval (fairness) hearing. The Court further finds that the Court approved notice regarding the motion for approval of attorney's fees, and the time to object, was timely sent to Class Members by the Court-approved Claims Administrator CPT Group, Inc. and that no objections were submitted in response to either notice.  For that reason, any objection has been waived by all Certified Class Members and all Certified Class Members are foreclosed from making any objections to the Settlement, whether by appeal or otherwise.

2.  The Court GRANTS Plaintiffs' Final Approval Motions.

3.  The Court approves the following payments, after which the remaining settlement funds shall be distributed to the Participating Class Members pursuant to the terms of the Stipulation:

- California Labor and Workforce Development Agency: $100,000;
- Plaintiff JOHN MARTINO (as a Service Award): $15,000;
- Plaintiff ADONIS AMOROSO (as a Service Award): $15,000;
- Class Counsel (as attorney's fees): $5,250,000;
- Class Counsel (as litigation costs and expenses): $34,167.25; and
- CPT Group, Inc. (for claims administration fees): $11,733.18.

/ / /
/ / /
/ / /

## JUDGMENT

Pursuant to Federal Rule of Civil Procedure 58, the Court now HEREBY ORDERS ENTRY OF JUDGMENT as follows:

1.  This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2.  This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3.  All Parties are bound by this Final Judgment and Order of Dismissal with Prejudice and by the Stipulation. The parties shall comply with the terms and conditions of the Stipulation pursuant to the above order.  Defendant ECOLAB INC. shall pay the settlement funds through the procedure described in the Stipulation.

4.  The Court previously certified the Action as a class action under Federal Rule of Civil Procedure 23. The Class, which is made up of 262 individuals, is defined as set forth in the Stipulation.

5.  As of the date of the Court's Order preliminarily granting approval of the Settlement, August 18, 2016, all Released Claims of each and every member of the Class are and shall be deemed to be conclusively released as against Defendant.  All persons and entities who are in the Class are hereby forever barred and enjoined from commencing, prosecuting or continuing, either directly or indirectly, against Defendant, in this or any other jurisdiction or forum, any and all Released Claims (as defined in the Stipulation).

6.  The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

7.  In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendant, then this Final

Judgment and Order of Dismissal with Prejudice shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

8. The Court retains jurisdiction over the case and the parties to the extent necessary to implement the terms of the Settlement Agreement until each act agreed to be performed by the Parties under the Settlement has been fully performed.

9. The Court dismisses with prejudice all claims asserted in the case as the "Released Claims" are defined in Stipulation.

**IT IS SO ORDERED.**

DATED: ___January 31, 2017___

_____
Hon. Vince Chhabria
United States District Court Judge



IT IS SO ORDERED
AS MODIFIED

Judge Vince Chhabria